**JONES v. GIBBS et al.**

No. 3533.

Court of Civil Appeals of Texas. El Paso.
Feb. 25, 1937.

Rehearing Denied April 1, 1937.

See, also, 103 S.W.(2d) 1018.

J. S. Bracewell, of Houston, and E. R. Berry, of Huntsville, for appellant.

Baker, Botts, Andrews & Wharton, of Houston, for appellees.

WALTHALL, Justice.

On the 30th day of April, 1923, J. B. Jones and Helen M. Jones executed to appellees a certain timber deed, conveying the merchantable timber on the Seaborn A. Mills survey in Walker county, consisting of 1,981.2 acres. The deed provided ten years' free time in which to remove said timber and also for five years additional time paying to the grantors 15 cents per acre per year, or depositing such amount to their credit in the First National Bank of Huntsville, Tex., in advance. Said deed further provided that the grantees should pay 80 per cent. of the taxes to be assessed against said property, but if a portion of the timber were cut and removed, then the grantees should pay 80 per cent. of the taxes only on that part on which merchantable timber was left standing. Said deed did not provide for any apportionment of the extension payment in case some of the timber should be cut and removed.

Appellant, as administrator of the estate of Helen M. Jones, deceased, sued the appellees, alleging the execution of said deed as above set forth; that the ten years'

free time had expired and appellees had failed to make the payments of 15 cents per acre for the extension of time as provided in said deed and that the same was no longer in force and effect; that the appellees were asserting that the same was still in force and effect and appellant prayed for a judicial declaration that said deed was of no further force and effect and that cloud be removed from his title.

Appellees answered by general and special exceptions and pleaded to the merits, alleging that they had in all things complied with the requirements for obtaining such extension of time and said deed was now in full force and effect. After alleging the consideration of $26,520 passing under the terms of said deed, they alleged further that in 1929 appellant and his said wife executed a deed of trust to G. A. Wynne on said property to secure the payment of $7,297, and that said deed of trust was still outstanding and unsatisfied. That Helen Jones died in 1930. That in January, 1932, the probate court of Walker county ordered the payment of the proportionate amount of the taxes which had accrued subsequent to the execution of said deed, to wit, from 1923 to 1930, inclusive, to the said G. A. Wynne as payment upon indebtedness which had accrued by reason of his payment of taxes; that the sum of $2,860 had been paid to the said G. A. Wynne in this manner and that said Wynne was still entitled to $924.42 for taxes which he had advanced on said land; that prior to the time for the payment to obtain the first year's extension, J. B. Jones, administrator, executed a written order to G. A. Wynne, authorizing him to receive the $205.60 rental for the extension which was to accrue April 30, 1933, said order showing that the same was for 1,371.2 acres, the same being the original amount, less 610 acres which was alleged to be the amount of the cut over land. That pursuant to said order, appellees paid such amount to the said G. A. Wynne; that some time prior to April 30, 1934, the date on which the payment for the second extension should be made, Jones stated to Wynne that he wanted him to have the money the same as he did the year before, and Wynne communicated this to appellees and advised them that Jones had promised him an order; that acting and relying upon said information, they paid to Wynne the $205.60 payment for the second year's extension prior to April 30, 1934; that said Wynne credited such payments on the balance which he had advanced for the payment of taxes; that upon being

advised by appellant that he would not longer recognize their rights to said timber, on June 7, 1934, appellees deposited in the First National Bank of Huntsville $207.03, the same being the required payment plus 6 per cent. interest; that by reason of said facts, they had made the payments substantially as required in said deed and prayed in the alternative that, should they be mistaken in their theory that all of said acts constituted a compliance with the terms of said deed, that said payments had been erroneously made through an honest mistake of fact, and asked that they be afforded equitable relief against their failure to comply strictly with the terms of said deed. They prayed that all relief be denied to plaintiff and that defendants have a decree of the court "establishing and adjudicating their continued right in and to said timber and that they have such other and further relief as under the law and the facts they might show themselves entitled to."

Appellant Jones filed a supplemental petition in answer to such pleadings on behalf of the appellees and, among other exceptions, specially excepted to defendants' answer in that it showed upon its face that the same was not for the full amount of the rentals provided for under said deed, and that appellees had not alleged any order of the probate court authorizing the payments to Wynne, and specially denying the authority of the said Wynne to receive the payment accruing April 30, 1934, and alleging negligence on the part of appellees in so making the payments to the said Wynne; and further alleging facts showing that the appellees had acted in such manner as to deprive them of relief at the hands of a court of equity; and alleging that with reference to the payment made June 7, 1934, that the appellees, after the payment so made, withdrew said money from the First National Bank where the same had been deposited, and thereby acquiesced in plaintiff's declaration that said deed had lapsed, and thereby abandoned all their rights under the deed.

The case was tried before a jury, June 19, 1935. The court struck out certain portions of appellant's supplemental petition wherein he undertook to show inequitable conduct on the part of appellees and, after hearing all of the evidence, instructed the jury to return a verdict in favor of appellees, which was accordingly done and judgment rendered for appellees denying all relief to appellant, and "that the defendants hereinbefore named recover of and from

plaintiff herein the continued right under the timber deed of April 30, 1923, introduced in evidence, in and to the timber therein described." From the order so entered, appellant has perfected this appeal.

The following facts were shown without dispute and no issue in the evidence was raised with reference thereto:

(1) Appellees, when the timber deed here involved was executed and delivered paid to J. B. Jones and his wife, Helen M. Jones, the full cash consideration in the sum of $26,520.

(2) Appellees paid taxes accruing under the timber deed for the years 1923 through 1933 aggregating $3,799.26.

(3) As to the rentals due under the deed on April 30, 1933, appellees paid the same in advance to G. A. Wynne on appellant's written order so to do.

(4) As to the rental due on April 30, 1934, appellees paid the same in advance to G. A. Wynne on his statement to them that appellant had promised to give him (Wynne) an order therefor. On the trial both Wynne and appellant testified to a conversation that occurred between them about the giving of this order. Wynne stated that appellant had promised to give him an order. Appellant testified that he asked Wynne if he wanted an order. He further testified that his reason for asking the question was that he wanted him to have the money to be applied against current accruing taxes which Wynne was paying.

(5) When on June 17, 1934, it came to appellees' attention for the first time that appellant had repudiated the 1934 payment of rental by appellees to Wynne, appellees immediately deposited a year's rent with interest in the bank named in the timber deed.

(6) Appellant refused then, and has continuously refused, to accept the rental payment and brought this suit to forfeit appellees' rights in the timber.

(7) G. A. Wynne, at the time of the payment made and at the time of the trial, was the owner of the only claim that had been presented or allowed against the estate of Helen M. Jones which, with interest, amounted at the time of the trial to more than $19,000. He also had an approved claim for over $800 for taxes paid by him on the land and both claims were secured by a deed of trust on the land on which the timber stood; the deed of trust was however subordinate to the timber deed.

(8) The claim just referred to above was the only claim filed against the estate of Helen M. Jones.

In their trial pleading appellees claimed to have made rental payments for both years in compliance with the timber deed but offered, if payments were held not to have been properly made in any respect— either as to date, amount, or otherwise— to do equity and pay any amount found by the court to be due. The undisputed proof showed that appellees were ready, able, and willing to pay any amount of rental and interest thereon the court should find to be just and proper.

The record shows that Wynne made an application to the probate court for an order to sell the land to satisfy the lien securing his claim and appellant in his brief here admits that Wynne was then "entitled to foreclose same under the law."

### Opinion.

█ The heirs of Helen M. Jones, deceased, were not made parties defendant. Appellant submits that while appellant, as administrator of the estate of Helen M. Jones, was authorized to sue for adjudication of the rights of appellees to cut the timber, appellees in their answer seek affirmative relief, and to do so it was necessary that appellees make the heirs parties defendant to their suit.

The above proposition probably should not be considered because the point was not raised in the trial court, but, without discussing the question, we have concluded to consider it.

As we view appellees' trial pleadings, they do not present an affirmative action against the estate of Helen M. Jones, nor broaden the issues tendered by appellant's petition. We do not recognize the heirs of Helen M. Jones as necessary parties under the uncontroverted evidence in the case. All the relief sought by appellant was an adjudication of appellees' right to cut the timber under the asserted claim that the time for cutting the timber under the timber contract had expired, and was no longer in force. We do not consider the suit as one involving the title to land within the purview of article 1982, R.C.S.

█ Should it be held that appellees' pleading in some of its statements amounts to a cross-action in that it seeks to adjudicate title to the land, it would not necessarily follow, we think, that the case should be reversed, as claimed in the proposition, but reformed. Kent v. Johnson et ux. (Tex.Civ.App.) 78 S.W.(2d) 282; East v. Dugan, 79 Tex. 329, 15 S.W. 273.

The timber contract was executed by appellant and wife on April 30, 1923. It is lengthy, and we copy only such parts as to us seem pertinent to the issues presented. It conveyed to appellees, their successors, heirs, and assigns "all of the merchantable pine timber 8 inches and over at the stump now standing and growing upon" the land described, and to go upon the land for the purpose of cutting and removing the timber, and to build tram roads, etc., necessary to remove the timber, and to maintain same for a period of fifteen years from the date of the contract; "and for the consideration aforesaid, we do hereby give and grant unto said Gibbs Brothers & Company, their heirs, successors and assigns, a full period of ten (10) years from the date hereof within which to cut and remove said timber from off said land."

The timber contract then provides that beginning with the year 1923, appellants should reimburse grantors for 80 per cent. of all the taxes assessed against the land until the timber "herein sold and conveyed shall be removed therefrom."

The timber contract then provides as follows: "It is further agreed and stipulated that the grantees, their heirs, successors and assigns hereof, may have five years additional time, or such part thereof as they may desire, after the expiration of the ten years hereinbefore granted within which to cut and remove the timber herein conveyed, by payment to the grantors, their heirs or assigns of the sum of fifteen cents per acre for the additional time or such part thereof as grantees, their heirs or assigns may desire, which payment of fifteen cents per acre shall be paid for as much as one year in advance, and the said payment may be made by the deposit thereof in the First National Bank of Huntsville to the credit of the grantors, and the grantees, their heirs or assigns, may have any part of said additional five years on which portion of the timber herein conveyed has not been cut at the end of the ten years free time, by making deposit of the fifteen cents per acre per year in advance in said bank from year to year; but in no event shall the grantees, their heirs or assigns, have hereunder more than fifteen years in all within which to cut and remove the timber."

The habendum clause and warranty in the timber contract is in the usual form of such instruments, and binds the grantors, heirs, executors, and administrators to defend the title to the timber and other rights unto appellees.

Appellant contends that since the timber contract extending the time for cutting and removing the timber the five additional years to the ten free years, upon the payment of 15 cents per acre per year, imposed no obligation on the grantees to make said payments of 15 cents per acre per year, or accept said time extension, that therefore the time extension in the timber contract was purely an option and lapsed by failure of grantees to make the deposit as stipulated in the timber contract.

As to the failure to make the deposit, the uncontroverted evidence shows the following:

The estimated merchantable pine timber on the land was 6,130,000 feet. The purchase price paid Mr. and Mrs. Jones for the timber was $26,520, a little less than $4.33 per thousand.

Appellant admitted the agreed purchase price had been paid in full, and the parties so agreed. The land involved was the separate property of Mrs. Helen M. Jones, deceased; she died November 7, 1930, and appellant duly qualified as administrator of her estate. Prior to Mrs. Jones' death, she and appellant borrowed from G. A. Wynne on three loans aggregating in principal amount $11,563.66.

After Mrs. Jones' death and appellant's appointment and qualification as administrator, G. A. Wynne, acting under orders of the probate court, paid accumulated taxes against the land on which the timber stood in a net amount, after crediting reimbursement on this item received from appellees, $841.53. The loans above referred to were secured by a deed of trust on the survey of the land involved here and under the deed of trust and orders of the probate · court the amount advanced for taxes likewise became a lien on that property. Wynne, as claimant, presented to appellant, as administrator, his claim on the items listed above and with principal, interest, and attorney's fees this claim aggregating $16,386.15 was allowed by the administrator on April 29, 1932, and approved by the probate court on June 23, 1932. In the timber contract appellant and wife obligated themselves to pay taxes as they accrued on the timber land. Appellant admitted that he had defaulted in the payment of the taxes every year from the date of the timber contract. On February 16, 1933, appellant gave Wynne an order in writing as follows:

"Huntsville, Texas, 2–16–1933.
"Messrs. Gibbs Brothers & Co., Huntsville, Texas.
"Please pay Mr. G. A. Wynne the rental on the 1371.2 acres of the S. A. Mills Survey at 15 cents per acre, total $205.68 due April 30th, 1933.
"[Signed]    J. B. Jones, Admr. Est. of Mrs. Helen Jones, decd.
"April 30, 1933.
"1981.2
" 610

"1371.2 at 15¢ per acre $205.68.
"Deed J. B. Jones to Gibbs Bros. & Co."

Appellees paid the order as directed, on April 29, 1933, and credited same to appellant's tax account.

Of the timber covered by the timber deed, 1,891,000 feet had been cut, and there remained standing on the land 4,231,000 feet.

On June 7, 1934, appellees deposited in the First National Bank of Huntsville $207.68, and on April 15, 1935, deposited in said bank $205.68, to the credit of appellant.

In opposition to an application filed by G. A. Wynne in the probate court to foreclose his lien on the land in controversy, appellant introduced in evidence a part of his verified pleading, as follows:

"That said property is now being administered under the direction of this Honorable Court, and all the rents and revenues are being applied upon the indebtedness sought to be satisfied."

Appellees at all times were financially able and willing, and it was their purpose, to pay any amount, with interest, which the trial court should find due on the timber contract, and so offered in open court.

Appellant was notified of the deposits in the bank and refused to take the money.

From the above facts, we have concluded that on a sale of the standing timber where the full agreed price has been paid, the provision in the deed for annual extensions of the time for cutting and removing the timber on payment of the 15 cents per acre, after the expiration of the free time allowed, is not an option, as

claimed by appellant, but is merely a stipulation for annual rent for the use of the land. The granting of the annual extensions of time within which to cut and remove the timber where the payment for the timber has been made, and upon a separate and distinct agreed consideration is not a mere offer, but is a valid and enforceable agreement and binding upon the grantor during the extension period for which it is granted. Should the extension part of the timber deed be considered as an option, the evidence sufficiently shows, we think, that it was exercised by the grantee.

To hold otherwise than as above would do violence to the express terms of the timber contract and contrary to the intention of the parties. Adams v. Fidelity Lumber Co. (Tex.Civ.App.) 201 S.W. 1034, by the Beaumont Court, and a writ of error refused; Temple Lumber Co. v. Arnold et al. (Tex.Civ.App.) 14 S.W.(2d) 926; Bevil v. Kirby Lumber Co. (Tex.Civ.App.) 58 S.W.(2d) 843.

■ Considering the extension part of the timber contract as an option, and not a stipulation for annual rent for the use of the land, appellant submits that the payment of the 15 cents per acre per year should be made to the heirs of Helen M. Jones and not to the administrator, and the payments not having been so made, the right to cut and remove the timber ended at the expiration of the ten-year period.

Holding as we do that the extension period is not an option under the facts, we do not think it necessary to consider the proposition. However, without discussing the question further, we think that the annual payments made or tendered to the administrator sufficient to preserve the right to cut and remove the timber during the extended period.

■ We have stated that the rental payments were made to Wynne on orders of the administrator, the money collected on the order and applied as directed. Such payments, though irregular, furnish no ground on which the court could properly declare a forfeiture of appellees' property rights for which they had paid the full purchase price for the timber during the life of Mrs. Jones.

■ Appellees, after pleading the facts of the payment of the rentals substantially as stated above, alleged that they had in all respects complied with the stipulations of the timber deed; they then pleaded in the alternative only, that if it should be found and held that for any reason appellees had failed to make proper payment of the rental due April 30, 1933, or of April 30, 1934, then appellees say that such failure was induced by the acts and conduct of appellant to pay the rental to G. A. Wynne, and has therefore estopped himself to claim the benefit of such failure.

Appellant submits that allegation is wholly insufficient upon which to predicate estoppel against appellant from asserting that the payment to Wynne was unauthorized; that the promise of appellant to Wynne of the order for the rental payment, and the giving and payment by appellees of such order to Wynne, is not available as an estoppel to appellees. The trial court instructed a verdict for appellees.

The record does not show that the instruction to the jury was based upon appellees' alternative pleading. We think it may not have been. However that may be, the administrator may not, after appellees have paid the order and by so doing discharged the rental obligations, repudiate the payment and secure the aid of a court in an equitable proceeding in declaring a forfeiture.

■ The timber contract for the consideration paid gave to appellees and their assigns a period of ten years within which "to cut and remove said timber from off said land," and five years additional time, "within which to cut and remove the timber herein conveyed by payment to the grantors, their heirs or assigns, the sum of fifteen cents per acre per year for the additional time or such part thereof as grantees, their heirs or assigns may desire." The timber deed stipulated that appellees shall "reimburse us for eighty per cent of all taxes assessed against the said land until the timber herein sold and conveyed shall have been removed therefrom; but upon the cutting and removal of any substantial portion of said timber for any one year, then the acreage upon which said timber so removed was standing shall be deducted for the next tax year and said Gibbs Brothers & Company, * * * shall reimburse us for taxes only to the extent of eighty per cent of the taxes on such part of said land as had merchantable pine timber covered thereby standing thereon at the beginning of each respective year." The contract deed then obligated the grantors to render the land and timber for

taxes each year, pay the taxes and render appellees a bill for 80 per cent. of such taxes as accrued upon the land upon which any part of the timber covered was standing at the beginning of the year from which the tax payment was made, and appellees were then obligated to reimburse the grantors for the taxes as agreed.

Appellees in paragraph 10 of their answer pleaded that appellant gave to Wynne an order on appellees as follows: "Please pay to Mr. G. A. Wynne the rental on the 1371.2 acres in the S. A. Mills Survey at 15¢ per acre, total $205.68 due April 30th, 1933"; that appellees paid the rent by paying said order. Appellees alleged that the timber on 610 acres of the land had been cut off and said 610 acres had been surrendered to appellant. There was a conflict in the evidence as to the acreage where the timber had been cut, appellees' evidence showing 610 acres, and appellant's evidence showing 600 acres. The court did not submit to the jury the question of the acreage of timber cut.

The amount of the acreage would be important only in fixing the amount of the taxes to be paid by appellees. Under the contract deed as above, it was the duty of appellant to pay the taxes and render a bill to appellees for their proportion of the taxes. Here Wynne had paid the taxes for appellant, and the above recited order was given to reimburse Wynne for the taxes due from appellees. It was an immaterial, an evidentiary fact, what the acreage was; appellant, by the order, rendered the bill for the taxes appellees were called upon to pay, and which they paid. It was not reversible error to fail to submit to the jury to find the amount of the cut over land.

■ Appellees alleged a local custom among landowners and timber purchasers to pay delay rent during extension periods only on the acreage from which timber has not been cut. The evidence on the existence of such custom was conflicting—the court did not submit the issue, but instructed a general verdict for appellees. What we have said in considering other issues sufficiently expresses our view on this. We think there was not reversible error in not submitting the issue.

■ There is no merit, we think, in appellant's proposition complaining of the trial court's action in striking appellant's

supplemental petition alleging that appellees had sought to obtain a foreclosure on the property in controversy, in order that they might buy it in for less than its actual value.

The allegations of fact in appellant's said supplement are lengthy, and we omit copying them here.

■ Appellees made the 1934 rental payment to Wynne as they did the 1933 rental payment. Appellant insists, under several propositions, that the payment was wrongfully made, and that the question whether the payment was wrongfully made was a fact issue which should have been submitted to the jury.

We have considered the question and expressed our view in discussing proposition two. We think the court was not in error in not submitting the question to the jury.

■ Appellant submits that since it appears from the evidence that appellees had sold all of the timber in controversy to the Texas Long Leaf Lumber Company prior to the filing of this suit the trial court was in error in overruling appellant's motion for a peremptory instruction, and in rendering judgment for appellees.

The Texas Long Leaf Lumber Company was not a party to the suit.

Without discussing the question at length, we are of the opinion that the lumber company was not a necessary party to this suit under the issues presented by the litigants here. Judge Townes in his Texas Pleading, page 288, defines a necessary party as one without whom no judgment can be rendered in determining the matter in controversy. The absence of the lumber company as a party could in no wise affect the force of the judgment rendered.

The record shows that appellant knew when he filed this suit of the interest the lumber company had in the lumber involved in this suit, and wrote the lumber company a letter asking them not to cut any of the timber. Taxpayers' Association of Harris County v. Houston I. S. D. (Tex.Civ.App.) 81 S.W.(2d) 815; Hanner et ux. v. Summerhill, 7 Tex.Civ.App. 235, 26 S.W. 906; Williams v. Coca-Cola Co. (Tex.Civ.App.) 150 S.W. 759, 762, and cases cited.

We have found no reversible error and the case is affirmed.