**JONES v. GIBBS et al.**

No. 3477.

Court of Civil Appeals of Texas. El Paso.
Feb. 25, 1937.

Rehearing Denied April 1, 1937.

J. S. Bracewell, of Houston, for appellant.

Baker, Botts, Andrews & Wharton, of Houston, for appellees.

WALTHALL, Justice.

On April 30, 1923, J. B. Jones, appellant, and his deceased wife, Helen M. Jones, executed a timber deed to appellees, giving them ten years' time in which to remove the timber from the land, the time expiring April 30, 1933. The deed provided for five years' extension of time upon the payment of 15 cents per acre each year in advance, as stipulated in the deed. If the terms of the deed were complied with, the full time provided by the extension would expire April 30, 1938.

Appellant herein filed suit against J. P. Gibbs et al., appellees, April 26, 1935, in cause No. 9277 of the district court of Walker county, Tex., to obtain an adjudication that appellees' rights under said deed had lapsed, praying for judgment "adjudging and declaring that said deed is no longer operative."

The appellees answered at length, setting up what they had complied with the terms of the deed and pleading estoppel by reason of certain acts on the part of J. B. Jones, and mistake in that they had paid the consideration for the extension to the wrong party under an honest belief that such party was authorized to receive the same. After asking that appellant's prayer be denied, they prayed "that defendants have a decree of the court establishing and adjudicating their continued right in and to said timber and that they have such other and further relief as under the law and facts they may show themselves entitled to."

On June 21, 1935, judgment was rendered in that suit denying plaintiffs therein the relief sought and in defendants' favor upon their cross-action. In opinion this day handed down that judgment is affirmed by this court. 103 S.W.(2d) 1011.

Appellees Gibbs Brothers & Co. filed this suit on the 26th day of August, 1935, "complaining of J. B. Jones, Administrator of

the Estate of Helen M. Jones," the heirs of Helen M. Jones not being made parties defendant. They set forth the terms of the deed above referred to and that on the 21st day of June, 1934, defendant repudiated their right to cut such timber. They alleged that the other suit had been filed; that it was tried on the 19th day of June, 1935; that judgment had been rendered in their favor and that the same was on appeal; that they had approximately three years within which to cut said timber at the time of filing of the suit and were making arrangements at that time to cut the same, but had refrained from cutting the same because they were afraid that if said suit were decided adversely to them, they would be held for the manufactured value of such timber. That they were not under any obligations to pay the rental value of said timber during the pendency of said suit and asked that the time between the filing of said suit and the final judgment in the cause which is on appeal be adjudicated as not being a portion of their five year period, and "for judgment extending the five year additional period within which they may cut and remove the timber embraced in the timber deed hereinbefore referred to by as many months and days as may elapse between the 21st day of June, 1934 and the day the judgment in the suit filed by the defendant against these plaintiffs hereinabove referred to becomes final."

To this suit defendant, as administrator, filed under oath his plea in abatement, setting up the prayer for affirmative relief on the part of appellees in the other cause between the identical parties; that no facts were alleged why such relief was not prayed for in the original suit; that jurisdiction of the identical issues was then vested in the Court of Civil Appeals; and that the suit constituted vexatious litigation for the purpose of harassing the defendant, and prayed that the court take no further cognizance of the same except by dismissing it. The point was also raised by special exceptions, followed by a general denial. The cause was tried before the court, without a jury, January 20, 1936. The plea in abatement, as well as the general and special exceptions, were overruled by the court, to which the defendant excepted. At the conclusion of the trial, the court entered judgment for appellees extending the time as prayed for, from which order this appeal is prosecuted.

There was no evidence introduced other than the deed, the proceedings in the first case and the testimony of J. W. Oliphant, an employee of Gibbs Brothers & Co. He testified briefly that at the time of the filing of the other suit, Gibbs Bros. had made arrangement for the cutting and removal of the timber and except for the filing of the suit, the timber would have been cut. On cross-examination, he admitted that the timber had been sold prior to the filing of the suit; that Gibbs Brothers & Co. did not want to cut it, but their vendees wanted to cut it; that sale of the timber had been made to the Texas Long Leaf Lumber Company; and that the suit was filed for the Texas Long Leaf Lumber Company in order to carry out their contract with it.

The contract between Gibbs Brothers & Co. and the Texas Long Leaf Lumber Company is incorporated in the statement of facts, beginning at page 46. It is shown to have been executed March 21, 1931.

The questions which appellant presents by this appeal are:

(1) The want of necessary parties, appellant contending that the petition on its face shows that the same was not such a suit as could be prosecuted without the heirs of Helen M. Jones being made parties, and consequently the court erred in overruling the general demurrer; that when it developed upon the trial of the case that the Texas Long Leaf Lumber Company was the entire owner of such rights in the timber as existed or had a vital interest in the same, it was the duty of the court, upon its own motion, to require the Texas Long Leaf Lumber Company to be made a party to the suit, or dismiss the same.

(2) That the plea in abatement should have been sustained.

(3) That plaintiffs' suit was further subject to the general demurrer in that it did not allege ownership of the timber in appellees and if it may be said that the petition is susceptible of the construction of an allegation of ownership, then that the proof not only failed to show ownership, but showed affirmatively ownership in the Texas Long Leaf Lumber Company.

## Opinion.

■ The heirs of the decedent, Helen M. Jones, were not made parties to the suit; appellant submits that the suit being to establish an extension of time for cutting and removing timber from the land under the deed, the suit affected an interest in the land; that article 1982 of the Revised Civil Statutes, 1925, requires that in

suits involving title to real estate, the heirs of the decedent should be made parties. The court overruled appellant's general demurrer, and appellant submits error.

This court had before us the same question in the original suit referred to. In that case we considered the question of whether the heirs of Helen M. Jones are necessary parties. We refer to that case for our holding on the question without reconsidering it here.

Appellant submits that since it was shown by the evidence that the Texas Long Leaf Lumber Company had acquired rights which may have been held by appellees upon such facts being made to appear upon the trial, it was the duty of the court, upon his own motion to dismiss the suit or require that the Texas Long Leaf Lumber Company be made a party, and that a failure to do so was reversible error.

The lumber company's contract with appellant is dated March 21, 1931, and is in the record, but because of its length we omit copying it here.

The granting clause in the contract between appellees and the Texas Long Leaf Lumber Company, and referred to by appellant as the granting clause, is as follows: "First Party, for the consideration hereinafter stated, hereby agrees to sell to Second Party, and Second Party hereby agrees to buy from First Party, at the prices and upon the terms and conditions hereinafter stated, all of the merchantable pine timber measuring eight inches and over at the stump when cut hereunder, owned by First Party, and standing on lands in Walker County, Texas, described in a general way as follows."

The third paragraph of the contract sets out a varying schedule of price, and this price variable, depending upon the current market price of the lumber to be manufactured from the timber cut.

The fourth paragraph of the contract obligates the lumber company to cut 15,000,000 feet of the timber per year, or an average of 1,250,000 feet per month, beginning the 1st day of May, 1931. Payments of the purchase prices under the contract were to be made in monthly installments beginning May 10, 1931, on 1,250,000 feet per month, with provision that after such 1,250,000 feet had been cut it should make a payment for a like amount before cutting an additional block of 1,250,000 feet.

The eleventh paragraph of the contract gives the lumber company free time until the 1st day of July, 1932, within which to cut and remove the timber covered by it, and five years additional time on payment of 15 cents per acre per year on such of the land which may still have any of the timber standing thereon on the 1st day of July, 1932. These payments for extension were to be made by the lumber company to the first party, and not to the owners of the land.

The warranty clause in the eighteenth paragraph of the contract warranted to the lumber company and its assigns "the title to the timber which the second party * * may cut hereunder * * * against the lawful claims of any and every person claiming or to claim the same or any part thereof."

The warranty clause extended only to such timber as may be cut.

The opening paragraph of the contract shows, we think, that it was an obligation to sell only such timber as appellees owned on the land described, and the other portions of the contract show, we think, that there was to be no passage of title to the timber until it was actually cut, and no obligation to pay, except as the timber is cut, and no warranty except to such as the lumber company actually cuts.

Appellees make the contention that if in this situation appellees should lose title to the timber, as to such timber the contract would cease to be operative; the lumber company would be under no obligation to cut or pay for it, and there would be no liability on the warranty; that contract is executory.

Appellees, in their counter proposition, submit that the Texas Long Leaf Lumber Company was not a necessary party to this suit.

Texas Jurisprudence, Vol. 32, page 13, par. 9, states that: "All persons who have or claim a direct interest in the object and subject matter of the suit, and whose interests will necessarily be affected by any judgment that may be rendered therein, are not only proper but are necessary or indispensable parties plaintiff or defendant," and refers in note to many cases as so holding.

We have concluded that the record does not show that the lumber company has such direct or present interest in the object and subject matter of the suit, since the lumber company had cut no timber and had not paid for any, such as will necessarily be affected by the judgment as to make the

lumber company a necessary party to the suit.

In this case, the record shows, appellees had a valuable property right in the continuance of the privilege of cutting and removing the timber within the period of time granted in the timber deed. Whatever rights the lumber company had, such rights, as we view it, were in no wise affected by a suit to which it was not a party.

 Appellant submits that it devolved upon appellees to allege and prove ownership of the timber upon which they sought an extension, and if the execution and delivery of the deed by appellant might be considered a sufficient allegation of ownership as against a general demurrer, it devolved upon appellees to establish ownership by a preponderance of the evidence, and since the undisputed evidence showed that appellees did not own the timber, but had conveyed it to the Texas Long Leaf Lumber Company, such conveyance constituted a variance, and the court erred in rendering judgment in appellees' favor.

Under this proposition, appellant contends that the timber deed under which appellees claim vests no title in the grantee appellees, but only the right to reduce the timber to title and possession by cutting the timber, as held by the Commission of Appeals in Martin v. Southern Pine Lumber Co., 284 S.W. 918. As we view that case, it deals with the question as to when title to timber under a timber deed passes to the grantor. We see no bearing of that case on the question we have here. In this suit, appellant filed suit against appellees to obtain an adjudication that appellees' rights to cut and remove the timber under the timber deed had lapsed, and adjudging and declaring that said deed is no longer operative. Appellees answered that they had complied with the terms of the timber deed, and pleaded an estoppel by reason of appellant's suit, and mistake in the payment as stated, and prayed for a continuation of their right to cut and remove timber as granted in the timber deed.

By whatever term the right to cut and remove timber is known, such right is manifested by the terms of the timber deed. That appellees were granted such right, and the period of time for which it was granted, we do not understand is questioned in this suit, but whether such right has elapsed is the issue presented here.

The error presented is not sustained.

 The judgment in the former suit, brought by appellant here, is not, we think, res adjudicata in the present suit, the purpose and subject-matter of the two suits not being the same; the same evidence will not sustain both actions. 26 Texas Jurisprudence, page 407; Galveston Chamber of Commerce v. Railroad Comm. (Tex.Civ. App.) 137 S.W. 737.

 Appellant suggests that mere repudiation by the administrator of the rights of appellees under their timber contract, without any authority from the probate court, was not of such binding character on the estate as would entitle appellees to an extension of any rights they might have under their timber deed; in other words, the administrator had no right to prejudice the rights of the heirs and creditors of the estate by bringing his suit without some authority from the probate court.

Article 1981 of the Revised Statutes in express language, and as construed in cases above referred to, authorizes the administrator of the estate to bring suits to recover the title and possession of lands and for any right attached thereto.

We have found no reversible error, and the case is affirmed.

Affirmed.