Morris B. ZEIDMAN et ux., Appellants,

v.

Charles A. DAVIS et al., Appellees.

No. 3756.

Court of Civil Appeals of Texas.

Waco.

July 29, 1960.

Rehearing Denied Sept. 15, 1960.

Vinson, Elkins, Weems. & Searls, M. C. Chiles, Houston, Duckett & Duckett, El Campo, for appellants.

Thomas H. Abell, Charles E. Owens, Wharton, for appellees.

McDONALD, Chief Justice.

This is a suit for a declaratory judgment construing a written farm lease between Zeidman, et al., plaintiffs, and Purvis Landry and Chas. A. Davis, Jr., defendants.

The point for determination is whether or not defendant Landry exercised an option in the lease to extend the term thereof for 5 additional years.

The lease under construction was dated 27 August, 1956. Plaintiffs, as owners, leased to Purvis Landry 732.5 acres of land in Wharton County. Applicable language of the lease is quoted:

"The term of this lease shall be for a period of three (3) years commencing on January 1, 1957 and terminat-

ing on December 31, 1960, unless terminated at a later date under the provisions hereof.

"* * * the Lessee shall have an option for an additional period of 5 years beginning at the termination of the 3 year primary term * * *; conditioned, however, that should Lessee desire to exercise his option that the lessee give to the lessors written notice of his intention to exercise such option not less than six (6) months prior to the termination of the 3 year primary term * * *."

Such lease further provided that the Lessee had the right to sublease the leased premises, but not the right to make an assignment of the lease without the consent of the Lessors.

Landry subleased the 732.5 acres to Charles A. Davis, Jr. by instrument in writing, dated 15 January 1958, and Davis took charge and possession of the land.

Such sublease recited that under the terms of the original lease, Landry has the option to extend the 3 year primary term for an additional 5 years; that the sublease would terminate on December 31, 1960 unless the option to renew was exercised; and then recited: "Landry agrees to exercise the option by the method stated in the original lease if (sublessee) Davis, Jr. so desires to extend said lease and so directs said Landry to exercise said option in the manner required by the original lease."

On *7 July, 1959* plaintiffs notified defendants Landry and Davis, in writing, that they had not exercised the option for the additional 5 years.

On or about *20 July, 1959* defendant Davis forwarded defendant Landry's written exercise of option for the additional 5 year period.

On *29 July, 1959,* plaintiffs filed this suit seeking construction that the primary term

of the lease end on *31 December, 1959,* and further seeking declaratory judgment that defendants had not exercised the option for the additional 5 year period.

Defendants, by answer, plead that the original lease was prepared by the plaintiffs, and that it contained a conflict in terms and ambiguity, in that it stated "the term was for 3 years commencing on January 1, 1957 and ending December 31, 1960." Defendants further plead that they relied on the December 31, 1960 date as the date upon which the 3 year primary term should end, and the date 6 months before which the option for renewal should be exercised; that when plaintiffs notified them on July 7, 1959 that they had failed to exercise the renewal option and contended that the primary term of the lease expired on December 31, 1959, that they exercised the option in the manner required as quickly thereafter as possible on 20 July, 1959. Defendants prayed for declaratory judgment of the court that the option for the 5 year additional period has been validly and timely exercised under the facts; and that the term of the original lease be extended for the 5 additional years.

Trial was before the court without a jury, which after hearing, entered judgment that the primary term of the lease expired on 31 December, 1959; and further that defendants Landry and Davis timely exercised the option for the 5 year additional period, and that such lease is extended and continued for a 5 year period commencing 1 January, 1960.

Plaintiffs appeal, contending that

1) Since the Trial Court found that the primary term of the lease between plaintiffs and Landry ended December 31, 1959, that the notice of exercise of the option of Landry given on 27 July, 1959 came less than 6 months before the expiration of the primary term, and was too late, and could not extend or continue the lease under such option.

2) The Trial Court erred in finding and concluding that Chas. A. Davis, Jr. had a right to rely on the lease contract between plaintiffs and Landry for his rights against plaintiffs, or to claim any benefit or loss by reason of any recitation in the lease contract between plaintiffs and Landry because Landry could not give Davis any right, title or interest in the land by his sublease, enlarging the rights provided in plaintiffs' lease contract for extending the term of their lease with Landry.

Basically, the factual situation before us is that plaintiffs leased land to defendant Landry for a primary term, with an option for 5 additional years, if the option be exercised 6 months prior to the expiration of the primary term of the lease. The lease was drawn by plaintiffs and provided that the primary term was "for a period of 3 years commencing on 1 January, 1957 and terminating 31 December, 1960." The description of the primary term was thus ambiguous and contradictory. Thereafter, Landry sublet to Davis, Jr. by instrument which recited that the original lease provided for an option of 5 additional years after the expiration of the primary term, and Landry bound himself to exercise such option if directed to do so by Davis, Jr.

The record reflects that Davis, Jr. had a copy of the original lease as well as his sublease from Landry; that he went into possession; that he thereafter met with plaintiffs and apprised them of a 7 year program he had instituted for the land; apprised them that he intended to secure exercise of the option for the additional term; and that he had made substantial improvements on the land. The record further reflects that Davis, Jr. believed the primary term of the original lease and his sublease to end on December 31, 1960 because such instruments stated such fact; that when plaintiffs notified defendant Davis, on July 7, 1959 that the primary term ended December 31, 1959 and that the option had not been exercised by July 1,

1959, Davis, Jr. immediately contacted Landry, who had moved to the State of Mississippi, and on July 20 (or July 27) 1959 Landry exercised the option for the additional 5 years in writing and in the manner provided for (except for the tardiness of 20 or 27 days timewise).

The question before us for determination, therefore, is: Can the tardy exercise of the option be excused?

Our Commission of Appeals had this precise question before it in Jones v. Gibbs, 133 Tex. 645, 130 S.W.2d 265, 272 (opinion adopted Sup.Ct). In that case the court held that as a general rule an option for extension of a term must be strictly construed, and that if such option be not exercised within the time prescribed, that it will be held not to have been exercised. Then the court said:

"* * * the rule announced * * * is not an absolutely inflexible one * * *.

"It is held that failure of the optionee to comply strictly with the terms or conditions of the option will be excused when such failure is brought about by the conduct of the optionor. * * *

"* * * while relief cannot be afforded if the failure to give notice has been due to willful or gross neglect, equity will relieve, in the absence of such neglect, when the failure results from fraud, surprise, accident or mistake. * * *

"* * * these rules, the strict enforcement of which was so much insisted upon by the early decisions, are, nevertheless, subject to, and qualified by, certain other overruling equitable rules, in accordance with which courts of equity grant relief in cases involving fraud or mistake and likewise, under special circumstances, where performance is prevented by accident, *and*

*also enforce the rule of estoppel where the conduct of the optionor has been such as to make that rule applicable.*"

44 A.L.R.2d, p. 1352–1377 contains an excellent annotation on this subject, and at p. 1366 expresses the rule thusly:

"There is unanimity in the decisions that equity will relieve against the consequences of a failure to give a notice at the time or in the form and manner required as a condition precedent to the renewal of the lease, where such failure results from accident, fraud, surprise, or mistake; and there are other special circumstances which have been held to warrant a court of equity in granting relief against the consequences of the lessee's failure to notify the lessor within the stipulated time or in the specific form or manner prescribed."

 In the case at bar, the lessor plaintiffs prepared the original lease which mistakenly stated the primary term to end December 31, 1960. The Trial Court found and concluded that the failure to exercise the option was caused by the incorrect termination date stated in the original lease agreement, and we think such finding and conclusion is correct. Moreover, the plaintiffs were on notice, verbally, of Davis, Junior's intention to secure the exercise of the option for the 5 year additional period; and Davis, Jr. had made substantial improvements on the property. Defendants acted as promptly as possible after plaintiffs apprised them of their construction of the lease to the effect that the primary term in fact ended December 31, 1959. The exercise of the option took place on 20 or 27 July, 1959, which was only 20 or 27 days into the 6 months' notice period prescribed.

 It is true that Davis, Jr. was a sublessee and that Landry was the original lessee and the party to whom the right to exercise the option was given. However,

the original lease provided by its terms that the premises could be subleased. It was therefore within the contemplation of the parties to the original lease that the premises might be subleased. It was plaintiffs' mistake which caused the original lease to state the primary terms' expiration date to be on *December 31, 1960.*

Plaintiffs, we think, are therefore estopped to assert the December 31, 1959 date as to either Landry or Davis, Jr. See 10A Tex.Jur. par. 289 to 295 inclusive.

 Over all, we think the case at bar is one for the application of "overruling equitable rules"; and we are unwilling to hold that a court of equity is without authority to prevent such unconscionable hardship.

All of plaintiffs' points and the contentions thereunder made are overruled, and the judgment of the Trial Court is affirmed.