Delivered January 23, 1891.

---

### E. A. East et al. v. E. W. Dugan.

#### No. 2959.

1. **Land Certificate.**—A land certificate is a chattel until located. When land has been located by it and so severed from the public domain the certificate is merged in the land. Before location it is a mere right to locate land; after location it has served its function and is merged in the land.

2. **Administrator's Sale of Certificate After Patent.**—A sale by an administrator of a land certificate after patent has been issued under it does not convey the land.

3. **Assignment of Error to Exclusion of Testimony.**—The exclusion of testimony when assigned as error must be indicated by its object and purpose in the assignment. Error assigned in excluding testimony to existence and loss of a land certificate will not warrant the discussion of the exclusion of such testimony to its transfer.

4. **Parties—Practice.**—When affirmative relief is asked by a defendant in a suit for land brought by an administrator, the defendant becomes a plaintiff to the extent of such relief, in which case the heirs of the estate suing must be made parties. Rev. Stats., art. 1202.

5. **Same.** — A judgment against the administrator alone does not conclude an heir to land, title to which may have been litigated in a suit in which the administrator was defendant in the litigation. See example.

Error from Archer. Tried below before Hon. B. F. Williams.

The opinion states the case.

*S. Abercrombie,* for plaintiffs in error, cited Mills v. Herndon, 60 Texas, 353; Stone v. Brown, 54 Texas, 334; McCamant v. Roberts, 66 Texas, 260.

*L. C. Barrett,* for defendant in error, cited Pratt v. Jones, 64 Texas, 694; Freem. on Judg., 416.

COLLARD, Judge.—The court below decided that the plaintiffs below, plaintiffs in error, have failed to make out a legal chain of title, and therefore gave judgment for defendant that he go hence with his costs.

The evidences of title introduced by plaintiffs are:

1. Patent to M. M. Miller to the 640 acres of land, the west half of which is in controversy, patented by virtue of certificate—National road certificate—No. 2, on the 12th day of January, 1868.

2. Administration upon the estate of M. M. Miller, deceased, in Dallas County by Wm. B. Miller. Order of sale by the Probate Court upon the

application of the administrator to sell the certificate to pay debts of the estate of date 27th of January, 1868; report of sale to Jesse Houx on a credit of six months, and confirmation of same the 30th of March, 1868. (Plaintiffs then attempted to prove the existence and loss of a transfer of the certificate by Houx to Geo. W. Guess, which the court below held insufficient for the purpose.)

3.    Administration upon the estate of G. W. Guess, June 3, 1872, by E. G. Bower; sale of the west half of the 640 acres of land to W. N. Coombes by order of the court in course of administration to pay debts, duly confirmed April 6, 1883; deed of Bower, the administrator, to Coombes, pursuant to the order of the court, April 9, 1883; and deed of Coombes to R. R. Milton (ancestor of the Milton plaintiffs), and to plaintiff East.

There was no evidence of a deed or transfer of the certificate by the administrator of Miller's estate, and no evidence that Houx ever complied with the terms of the sale.    We are not, however, required to consider the question that might be involved in the absence of such proof (but see Sypert v. McCowen, 28 Texas, 636), because there is a controlling question as to the effect of the rule presented by the facts.

The patent issued on the certificate for the land on the 12th day of January, 1868, and the order of sale and confirmation did not occur until afterwards, to-wit, on the 27th of January and the 6th of March, 1868. Such sale of the certificate did not convey the land that had already been appropriated and patented by it.    It has been too often decided to require citation of authorities in this State that the certificate is a chattel until it is located and land has been appropriated by it; but when land has been located by it and so severed from the public domain, the certificate is merged in the land.    Before such location it is a mere right to locate land. After location it has served its function and is merged in the land.    The sale of the certificate at administrator's sale after patent does not convey the land.    Houx acquired no title to the land or the certificate by the sale to him.    We can not follow the case of Peevy v. Hurt, 32 Texas, 146, in so far as it may hold contrary views to those expressed above.

The conclusion then must be that the title to the 640 acres of land remained in the estate of Miller, notwithstanding the order of sale and confirmation of the sale of the certificate.    We have only stated our opinion as to the law of such a sale by orders of the Probate Court of an estate in administration, and have intimated no opinion as to the law of such a sale by the owner of the land.    It then becomes unnecessary to consider the assignment of error attempting to point out error of the court below in failing to find that the parol evidence offered by plaintiffs was sufficient to establish the existence and loss of a transfer of the certificate or the land by Houx to G. W. Guess.    The assignment does not, however, raise the question intended, as it relates to existence and loss of the certificate and not the transfer of it.

There is but one more question in the case.　Plaintiffs read in evidence certified copy of a judgment of the District Court of Dallas County, "pertaining," as said in the statement of facts, "to the estate of Madison M. Miller, deceased, and the estate of George W. Guess, deceased." The style of the case in which the judgment was rendered is as follows:

"No. 1114.—Vernon Brothers et al. v. J. K. P. Record, executor of G. W. Guess, deceased, and E. G. Bower, administrator of G. W. Guess, deceased; S. J. and M. D. Bullion, intervenors."

The judgment recites that the parties plaintiff and defendant, as also the intervenors, appeared by attorneys on December 22, 1879, and announced ready for trial, when the cause was submitted to the court without the intervention of a jury, who, after hearing and considering the evidence produced by the parties, was of opinion that the law was against the plaintiffs and in favor of the defendants and intervenors, whereupon "it was ordered and adjudged that plaintiffs Samuel Vernon and Thomas Vernon and Z. E. Coombes, administrator *de bonis non* of the estate of M. M. Miller, deceased, take nothing by their plaint herein, and that the defendant E. G. Bower, administrator of the estate of G. W. Guess, deceased, recover of and from plaintiffs Samuel Vernon and Thomas Vernon all costs herein, for which execution may issue, and that he as such administrator aforesaid be forever quieted in his title to the 640 acres of land located by virtue of National Road Certificate No. 2, issued to George W. Barnett on the 6th day of January, 1845," describing the 640 acres of land.

It was further ordered, adjudged, and decreed that the intervenors, M. D. Bullion and Sarah J. Bullion, recover from plaintiffs Samuel Vernon and Thomas Vernon and Z. E. Coombes, administrator *de bonis non* of the estate of M. M. Miller, deceased, and from E. G. Bower, administrator of the estate of George W. Guess, deceased, 320 acres, an undivided half of the 640 acres of land, "as their locative interest for locating and having the same patented, paying fee," etc., and that the same be partitioned out to them.　Commissioners were then in the decree appointed to partition the land equally between the estate of G. W. Guess, deceased, and the intervenors.　The commissioners divided the land, setting apart to the intervenors the east half of 640 acres and the west half to the estate of Guess, and so reported to the court, which was duly confirmed January 2, 1880, and title vested according thereto.

In reference to the effect of the above judgment and the ruling of the court thereon plaintiffs assign error as follows:

"'The court erred in holding and deciding that the judgment of the District Court of Dallas County, Texas, did not adjudicate and pass title to the vendor of plaintiffs, in which suit all matters relative to the title to the land in controversy had been fully adjudicated between the estate of

M. M. Miller, deceased, and estate of G. W. Guess, deceased, relative to the transfer from Houx to G. W. Guess."

None of the pleadings upon which the judgment was rendered were offered in evidence, nor does it appear that either the heirs of the estate of Guess or of the estate of Miller were made parties to the suit.

The statute in force at the time the judgment was rendered is as follows: "In every suit against the estate of a decedent involving the title to real estate, the executor or administrator, if any, and the heirs shall be made parties defendant." Rev. Stats., art. 1202; Act Aug. 15, 1870, p. 141.

It is also provided by statute that an administrator or an executor may, without joining the heirs, sue to recover land.    Rev. Stats., art. 1201.

When affirmative relief is asked by a defendant in a suit for land brought by an administrator, the defendant becomes a plaintiff to the extent of such relief, in which case the heirs of the estate suing must be made parties.    Guess's estate obtained judgment against Miller's estate quieting title—affirmative relief which could not have been granted against the estate of Miller represented only by the administrator *de bonis non.* Had the judgment merely stated that plaintiffs take nothing by their suit it might have been different.    The heirs of neither estate being parties, it is evident the decree could not divest out of either the title to the land or any part of it.    So it follows that the decree can not have the effect to divest the title out of the estate of Miller and invest it in the estate of Guess.    We treat the judgment from its own features as it appears in the record.    We can not tell what the issues were or who the parties were except as disclosed in the judgment itself.    There was no adjudication against the heirs of Miller's estate, and therefore we conclude they were not before the court and not bound by the judgment; and the same might be said of the judgment in favor of the intervenors against both estates if their title was involved in this suit.

We conclude that plaintiffs failed to prove title to the land, and that the judgment of the court below should be affirmed.

*Affirmed.*