<hr />

MASSENBERG et al. v. DENISON et al.

(Circuit Court of Appeals, Fifth Circuit. February 19, 1901.)

No. 984.

1. TRIAL—OBJECTION TO EVIDENCE.
    A party offering evidence is entitled to have the specific ground of objection thereto stated.

2. APPEAL—REVIEW—EXCLUSION OF TESTIMONY.
    The exclusion of testimony will not be reviewed on appeal unless the record shows the nature of the objection interposed thereto.

3. LAND CERTIFICATE—PURPORTED TRANSFER—ADMISSIBILITY IN EVIDENCE.
    A purported transfer of a Texas land certificate was apparently executed in 1839, an assignment thereof duly acknowledged by the assignor in 1858, duly recorded in 1859, and duly certified from the proper archives of the county of record. Held, that it was admissible as a duly proved and authenticated document.

**4. SAME—TRANSFER BY ADMINISTRATOR—ORDER OF COURT—PRESUMPTION.**

After possession and use of a Texas land certificate for 60 years from its unimpeached transfer by an administrator, and 25 years' continued use and possession of the lands patented thereunder, improving the same, and paying taxes thereon, an order of court for the sale of the land, referred to in the transfer, will be presumed.

**5. SAME—NECESSITY OF ORDER.**

The act of Texas of January 22, 1836 (1 Sayles' [Old] Laws Tex. p. 366), provides that all proceedings relative to successions, etc., should conform to the Louisiana laws, and the act of Louisiana of January 17, 1838, in force in 1839, providing for the appointment, without notice, of curators for successions amounting to less than $500, declares, for the purpose of diminishing costs, that a curator of such a succession should cause its effects to be sold, and the proceeds applied to pay the decedent's debts in as summary a manner as possible, under the immediate direction of the court. *Held*, that a Texas land certificate transferred in 1839 by an administrator was personalty, and in view of these provisions no order of court for its legal sale and transfer was necessary, it being all the property belonging to the decedent's estate, and worth much less than $500.

Appeal from the Circuit Court of the United States for the Northern District of Texas.

This was a suit in equity, brought by the appellants in the court below for an injunction to restrain the appellees from prosecuting a certain action at law pending in said court for the recovery of a tract of land of about 3,000 acres in Stephens county, Tex. The bill alleged, in substance, the following facts:

That in 1838 Richard M. Hopkins was the duly appointed, qualified, and acting administrator of the estate of Lewis C. Denison, deceased, having been so appointed by the county court of Red River county, Tex. That said estate was small, and in debt, and the property belonging to it did not amount to $500 in value. That said Hopkins, administrator, had obtained from the board of public land commissioners, and held as such administrator, the following land certificate, viz.:

"No. 425.

"This is to certify that Richard M. Hopkins, administrator of the estate of Lewis C. Denison, deceased, appeared before the board of land commissioners for the county of Red River, and proved according to law. Deceased arrived in this county in the year 1835, and, being a married man, is entitled to one league and labor of land, upon condition of paying at the rate of $3.50 for every labor of irrigable land, and $2.50 for every labor of arable land, and $1.20 for every labor of pasture land secured to him for this certificate.

"Given under our hands this 3rd day of March, 1838.

"W. M. Matthews, P. B. L. C.
"James Latimer.

"B. Gooch, Clk."

That on February 7, 1839, said Hopkins, administrator, for a valuable consideration, sold and transferred two-thirds of said certificate to Henry Smith, and indorsed on the certificate the following:

"Republic of Texas, Red River County. Know all men by these presents that I, Richard M. Hopkins, administrator, by virtue of a decree of the honorable probate court for the county of Red River, do hereby assign and set over unto Henry Smith two-thirds of the land called for by the within certificate. Witness my hand and seal this the 7th day of February, 1839.

"[Seal.] R. M. Hopkins, Administrator."

That on November 27, 1858, said Hopkins duly acknowledged the execution of said indorsement before the clerk of the county court of Red River county, Tex., and said certificate, with indorsement thereon, was duly filed for record

and recorded in the office of the county clerk of Red River county in the record of deeds on February 14, 1859. That the possession of the land certificate passed to Henry Smith, and through him to complainant Massenberg, who caused the same to be located on the lands in controversy, the lands to be surveyed, the field notes and certificate to be properly returned to the land office, and the patent to issue, paying all expenses in the premises; and that the patent was delivered to Massenberg, and since he and his grantees have occupied and possessed the land, cultivating and improving the same, and paying all taxes thereon.

On the hearing the uncontradicted evidence introduced by appellants established prima facie the foregoing allegations of the bill. The appellees (defendants below) introduced no evidence. There was a decree for the defendants below, and the plaintiffs appeal, and now urge the following specification of errors: "(1) The court below erred in refusing the injunction prayed for and in dismissing the bill, because complainants showed title to the land certificate involved herein by a written transfer of same, made by R. M. Hopkins, administrator of Lewis C. Denison, on February 7, 1839, when said certificate was not located on any land, and was personal property; and the undisputed evidence showed the following facts: That said Hopkins was the duly appointed, qualified, and acting administrator of said Denison; that said estate was small, and in debt, and the property belonging to it did not amount to $500 in value; that said Hopkins, administrator, obtained said certificate, and it was issued and delivered to him, in his name as administrator, March 3, 1838, and he made said transfer on February 7, 1839, and acknowledged same November 27, 1858, and said certificate and indorsement was recorded February 14, 1859; that the possession of said certificate passed to Henry Smith and S. H. Perkey, and through them to W. E. Massenberg, who caused the same to be located on the land in controversy in 1874, the land to be surveyed, the field notes to be properly returned, and patent to be issued to and delivered to him in 1875, he paying all expenses in the premises; and that the patent was delivered to Massenberg, and since then he and his grantees have occupied and possessed the land, cultivating and improving the same, and paying all taxes thereon, these expenses and taxes amounting to several thousand dollars. And these undisputed facts, in connection with the lapse of over sixty years since the certificate was transferred, showed a valid sale and transfer of said certificate, and made at least a prima facie case in favor of complainants, which was not in any way rebutted by defendants, and the burden of proof was on defendants to defeat such case, and they introduced no evidence whatever, and the court below erred, under these undisputed facts, in holding that the burden was on complainants to procure and introduce in evidence an order of the probate court authorizing such sale by said administrator. (2) The court below erred in refusing the injunction prayed for and in dismissing the bill, because complainants showed title to the land certificate involved herein by written transfer of same made by R. M. Hopkins, administrator of Lewis C. Denison, on February 7, 1839, when said certificate was personal property, and under the laws of Louisiana and Texas at that date no order of the probate court was necessary in order to pass a good title to personal property in a sale and transfer thereof by a curator or administrator; and the court erred in holding that complainants must introduce in evidence an order from the probate court authorizing such sale, a valid sale, and transfer of such certificate. (3) The court below erred in refusing the injunction prayed for and in dismissing the bill, because the undisputed evidence showed that complainants were the equitable owners of the land involved herein, and they were entitled to a decree in their favor as prayed for. (4) The court below erred in dismissing the bill and refusing complainants any relief whatever, because the undisputed evidence showed that complainants, at great trouble and expense, had selected from the public domain the land involved herein, had located this certificate on the land, had the land surveyed and field notes returned to the land office of Texas, had the patent issued, and had looked after and protected and improved the land in good faith, and had paid all taxes on it for over twenty-five years,—all of which cost and was reasonably worth $1,345; and but for said services and money this certificate

would have become worthless, and mere waste paper; and defendants now adopt all these acts by suing for and claiming the land, and in equity and good conscience complainants were entitled to hold the land until said sum and interest was paid to them by defendants."

J. M. Avery, for appellant.

E. J. Simpkins, for appellee.

Before PARDEE and SHELBY, Circuit Judges, and TOULMIN, District Judge.

After stating the facts as above, PARDEE, Circuit Judge, delivered the opinion of the court.

This case has been here before on an appeal from a decree dismissing the complainants' bill for want of equity, and is reported in 71 Fed. 618, 18 C. C. A. 280. This court then held that the facts charged in the bill, substantially as recited above, entitled the complainants to equitable relief, and remanded the cause for hearing. After remand it appears that complainants filed in the circuit court an amended bill, setting forth the facts more explicitly, but presenting the same case as in the original bill. There was an answer and replication, and on the hearing the complainants introduced evidence establishing the facts alleged in the bill. The defendants offered no evidence. The court below filed no written opinion, but probably gave an oral one, for the appellants state the question involved as follows: "The principal question in the case is this: Are the facts established sufficient to show a valid sale and transfer of a two-thirds interest in the land certificate in question to Henry Smith, as claimed in the bill?" and the appellees say: "The only question considered and passed upon by the trial court in this case was as to the admissibility of the purported transfer of a two-thirds interest in the Denison land certificate by R. M. Hopkins, administrator of the Denison estate, to Henry Smith." A careful scrutiny of the transcript shows, in regard to the purported transfer, that it was introduced in connection with the other documentary evidence of the complainants, and in the memorandum of offering the clerk notes as follows: "To the introduction of which the respondents excepted," and the court did not pass upon, and at the time decide, the objections of the respondents noted above, but stated that it would "hear all the testimony offered, and pass upon and decide the objections in connection with reaching a decision upon the whole case." The transcript nowhere shows the grounds or character of the objection, nor any motion to suppress the document referred to as evidence in the case. A party offering evidence is entitled to have the specific ground of objection stated. Beach, Mod. Eq. Jur. § 538. "So, too, if testimony is objected to and ruled out, it must still be sent here with the record subject to the objection, or the ruling will not be considered by us." Blease v. Garlington, 92 U. S. 1, 8, 23 L. Ed. 521. As this record stands, we might well pass upon this appeal without noticing any objection to the testimony introduced in the court below. However, we are clear that, as the purported transfer was apparently executed in 1839, duly acknowledged by Richard M. Hopkins before the clerk of court in

Red River county in 1858, and duly recorded in 1859, and is duly certified from the proper archives in Red River county, it was admissible in evidence as a duly proved and authenticated document. That document admitted in evidence and considered in connection with the other undisputed evidence of the complainants below, the defendants offering no evidence, we find that the complainants show a case entitling them to equitable relief, and the first assignment of error is therefore well taken.

We understand the appellees to contend that the complainants failed to show a complete equitable title, because no order or decree of the probate court of Red River county authorizing Richard Hopkins, administrator, to sell the two-thirds interest in the Denison land certificate, is shown. There are two answers to this: (1) After 60 years' possession and use of the certificate and 25 years' continued possession and use of the lands patented thereunder, improving the same, and paying taxes thereon, such order of court referred to in the unimpeached transfer of the land certificate will, if necessary, be presumed; and (2) at the time of the transfer such land certificate was personal property, and no order of court was necessary for its legal sale and transfer. See Cox v. Bray, 28 Tex. 247; Dodge v. Litter, 73 Tex. 322, 11 S. W. 331; East v. Dugan, 79 Tex. 329, 15 S. W. 273. The act of Texas of January 22, 1836, among other things provided, "All proceedings relative to successions, matters of probate," etc., "shall be regulated and governed agreeably to the principles and laws in similar cases in the state of Louisiana;" and this was the law in Texas on the subject at the time of the alleged transfer. See 1 Sayles' (Old) Laws Tex. p. 366. The act of Louisiana of January 17, 1838, in force at the time Hopkins, administrator, procured the land certificate and sold the interest to Henry Smith, provides as follows:

"That the article eleven hundred and seventy-eight of the Civil Code of the state of Louisiana, be so amended that whenever satisfactory proof shall have been made to any judge of the court of probates, that a succession is so small, or is so much in debt, that no person will apply for, or be willing to accept the curatorship, on complying with the existing laws on this subject, the judge of the court of probates, where such succession is opened, shall have the power without any previous notice or advertisement to confer the curatorship of such succession on such person as he may think proper. That the curator so appointed, shall cause the effects of said succession to be sold, and the proceeds to be applied to the payment of the debts of the deceased; the whole to be done in as summary a manner as possible, to diminish costs, and under the immediate direction of the judge of the court of probates; such curator to be allowed a reasonable compensation for his services; and shall not be compelled to furnish bond and security, except in cases where the judge shall deem it necessary, and that in all cases the judge of the court of probates shall fix the compensation of the curator, and the amount of security, when he requires it, provided that this law shall not apply to successions amounting to upwards of five hundred dollars." Civ. Code La. (Morgan) page 168.

In regard to this amendment the supreme court of the United States, in Simmons v. Saul, 138 U. S. 439, 453, 11 Sup. Ct. 369, 373, 34 L. Ed. 1054, 1061, said:

"The history of this provision leads to the conclusion that it was the intention of the legislature that administration of such small successions should

be granted without previous notice, and that the settlement by them should be done in as summary a manner as possible."

The evidence shows that the estate of Denison was in debt. There was nothing belonging to it except this land certificate, worth much less than $500. This being true, we are of opinion that no order of sale was required to pass a valid title to the land certificate at a time when (and for long after) such certificates passed from hand to hand on delivery with almost the same facility as promissory notes payable to bearer. All the equities in this case appear to be with the complainants below, appellants here. See Underwood v. Dugan, 139 U. S. 380, 11 Sup. Ct. 618, 35 L. Ed. 197; Wetzel v. Railway Co. (C. C.) 56 Fed. 919. The decree of the circuit court is reversed, and the cause is remanded, with instructions to enter decree in favor of the complainants as prayed for in their bill.