J. B. JONES, ADMINISTRATOR, V. J. P. GIBBS ET AL.

No. 7282. Decided July 5, 1939.
Rehearing overruled October 11, 1939.
(130 S. W., 2d Series, 274.)

*Bracewell & Spiner* and *C. A. Leddy,* all of Houston for plaintiff in error.

*Baker, Botts, Andrews & Wharton* and *Walter H. Walne,* all of Houston, for defendants in error.

MR. PRESIDING JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

The application for writ of error herein was granted because of the granting of the application in cause No. 1799-7281, J. B. Jones, administrator, v. J. P. Gibbs et al, this day decided. (This volume, p. 627; 130 S. W. (2d) 265). In that case Jones, as administrator of the estate of his deceased wife, Helen M. Jones, sued Gibbs Brothers & Company to obtain a

judgment for the cancellation of the rights of the defendants under a deed by which Jones and wife had conveyed to them the merchantable pine timber on a tract of land in Walker County. The trial court's judgment in that case that Jones take nothing by his suit, rendered on June 21, 1935, was affirmed by the Court of Civil Appeals and the judgment of both of said courts is today affirmed by this court, as shown by the opinion filed in said cause No. 1799-7281.

This suit, filed August 26, 1935, while said first case was pending on appeal in the Court of Civil Appeals, was brought by Gibbs Brothers & Company against J. B. Jones as administrator. The petition alleges the substance of the timber deed of date April 30, 1923, from J. B. Jones and wife to Gibbs Brothers & Company, and particularly that part of the same giving the grantees the privilege of extending the original ten year period for removal of the timber for an additional time of five years by making payment of fifteen cents per acre per year for each year of the five year period, and alleges that, although Gibbs Brothers & Company duly made the payments for the extension for each of the years 1933 and 1934, the administrator Jones, defendant, on June 21, 1934, repudiated the contract made by the deed, forbade Gibbs Brothers & Company to cut or remove any timber from the land, and on April 28, 1935, filed the suit for termination of the rights under the deed. It is further alleged that Gibbs Brothers & Company at the time of the filing of the said suit had about three years within which they were entitled to cut and remove the timber by making the payments, but were prevented from doing so by the filing and the pendency of the suit, and had refrained from cutting the timber because of fear that they would be held liable for its manufactured value in the event the suit should be decided against them. The prayer of the petition is that the period intervening between June 21, 1934 and the date when the judgment in said suit becomes final be adjudged and decreed to be not a portion of the five year extended term, that it be adjudged that plaintiffs are not required during said period to pay the renewal rentals, and that judgment be rendered "extending the five year additional period within which they may cut and remove the timber embraced in the timber deed hereinbefore referred to by as many months and days as elapse between the 21st day of June, 1934, and the date when the judgment in the suit filed by defendant against these plaintiffs hereinbefore referred to becomes final."

After trial before the court without a jury, judgment was rendered in this cause for the plaintiffs, Gibbs Brothers & Com-

pany, substantially in accordance with the prayer in their petition. The Court of Civil Appeals affirmed the trial court's judgment. 103 S. W. (2d) 1018.

■ It conclusively appears from the evidence set out in the statement of facts that the fulfillment of the conditions for the extension of the time for cutting the timber was prevented by the act of plaintiff in error as administrator in declaring the rights of defendants in error terminated and in instituting and prosecuting the suit for their cancellation. The formal notice and the filing of the suit interrupted the term during which defendants in error otherwise would have been able to cut and remove the timber. The total period of fifteen years, counted from the date of the deed, expired April 30, 1938. It follows from these facts, and from this Court's affirmance of the judgment in the suit filed by plaintiff in error, that defendants in error are entitled, as adjudged by the trial court, to an extension of the time for cutting and removing the timber, so that after this Court's judgment in said suit becomes final they will have the same length of time to cut and remove the timber, and on the same conditions, as they had on June 21, 1934, when plaintiff in error notified them of the termination of their rights. Miller v. Hodges, (Com. App.) 260 S. W. 168; Huggins v. Robison, 118 Texas 82, 10 S. W. (2d) 710.

■ However, the judgments of the Court of Civil Appeals and the trial court must be reversed and the cause remanded in order that the heirs of Mrs. Helen M. Jones, who are necessary parties, may be made parties defendant, while Article 1981 of the Revised Civil Statutes of 1925 authorized plaintiff in error as administrator of the estate of Mrs. Jones to file the suit for the cancellation of the rights under the timber deed, and the heirs are bound by his action in instituting the suit and concluded by the judgment rendered therein (Russell v. Texas & Pacific Railway Co., 68 Texas 646, 5 S. W. 686), it is expressly provided by Article 1982 that in every suit against the estate of a decedent involving the title to real estate, the executor or administrator, if any, and the heirs shall be made parties defendant. This statute is mandatory and by reason of its provisions the heirs are necessary parties when the suit against the estate involves the title to real estate. East v. Dugan, 79 Texas 329, 15 S. W. 273; Russel v. Texas & Pacific Railway Company, supra.

■ The deed conveying the timber and granting a period of ten years within which to cut and remove it, with the privilege

of an additional time of five years, while it does not presently invest the grantees with title to the standing timber, (Houston Oil Company of Texas v. Boykin, 109 Texas 277, 206 S. W. 815) is a conveyance of an interest in land. Burkitt v. Wynne, 62 Texas Civ. App., 560, 132 S. W. 816 (application for writ of error refused) ; Adams v. Hughes, 140 S. W. 1163 (application for writ of error refused). When Mrs. Jones died the title to the land, subject to the rights under the timber deed, vested in her heirs. On the termination of the primary term and the extended period for the removal of the timber her heirs would own as a part of the land the timber then standing. The purpose of this suit is to obtain a judgment extending for more than three years the period of fifteen years granted by the deed within which the timber might be removed. The right to use the land for cutting and removing the timber during such period of more than three years, with title to the timber when cut and removed, is an interest in land. We think, therefore, that the suit is one involving the title to real estate within the meaning of Article 1982.

It is true that this suit is brought, as defendants in error submit, for the purpose of adjudicating the effect of the suit brought by the administrator, but nevertheless it involves the title to real estate, for the judgment here sought is one decreeing that the effect of that suit was to extend for a period of years the right to cut and remove, and to own when cut and removed, timber now standing upon land, the title to which is in the heirs.

The statement of facts contains a written contract executed March 21, 1931, by which defendants in error agreed to sell and Texas Long Leaf Lumber Company agreed to buy the timber conveyed by the deed from Jones and wife to defendants in error, together with other timber. Predicated on this contract, errors are assigned to the judgment of the trial court, one that Texas Long Leaf Lumber Company is a necessary party to this suit, and another that the proof not only failed to show ownership of the rights conveyed by the timber deed to be in defendants in error, but affirmatively showed such rights to be owned by Texas Long Leaf Lumber Company.

It is our opinion, after examining the contract above referred to, parts of which are set out in the opinion of the Court of Civil Appeals, that it is not a conveyance or assignment of the rights of defendants in error under the timber deed but is an executory agreement for the sale and purchase of the timber, and that defendants in error, after the execution of the contract, remained the owners of the rights conveyed by

the timber deed, subject to the executory contract with Texas Long Leaf Lumber Company, and may prosecute this suit, without that company as a necessary party, in order to preserve the continuing right to cut the timber.

The conclusions expressed herein and in the opinion in cause 1799-7281 make it unnecessary to discuss questions presented by other assignments of error. We approve the trial court's judgment except for the error in trying the case and rendering judgment in the absence of necessary parties, the heirs of Mrs. Helen M. Jones.

The judgments of the district court and the Court of Civil Appeals are reversed and the cause is remanded.

Opinion adopted by the Supreme Court July 5, 1939.

Rehearing overruled October 11, 1939.

For opinion overruling motion for rehearing see this volume, page 644.