## FRENCH et al. v. FRENCH et al.

### No. 4007.

Court of Civil Appeals of Texas. El Paso.
Nov. 20, 1940.

Rehearings Denied Feb. 27, 1941.

Further Rehearing Denied March 13, 1941.

C. Burt Potter, of Sinton, and Sidney P. Chandler, of Corpus Christi, for appellants.

Oscar Spitz and Keys & Holt, all of Corpus Christi, and W. B. Moss, of Sinton, for appellees.

PRICE, Chief Justice.

This is an appeal from a judgment of the District Court of San Patricio County. The action seems to have been originally instituted by Mrs. William French, individually, and George W. French and Charles E. French, as independent executors of the estate of William French, deceased, as plaintiffs, against Kathleen French, as defendant. Kathleen French filed a cross-action therein against George W. French, Charles E. French, Nellie May Sutherland, Violet French, and Mary Grace Griffis, and her husband, James Griffis. Charles E. French filed a pleading seeking relief against the same parties sued in the cross-action of Kathleen French, other, of course, than himself. Mary Grace Griffis, joined by her husband, and Nellie May Sutherland filed pleadings seeking relief against Kathleen French and Charles E. French. Plaintiffs, Mrs. William French, Charles E. French and George W. French, took a voluntary nonsuit.

The issues were joined by the parties seeking affirmative relief. The trial was before the court and jury, the case submitted on special issues, and judgment was rendered thereon. From the judgment rendered George W. French, Violet French, Nellie May Sutherland and Mary Grace Griffis, joined by her husband, James Griffis, have duly perfected this appeal.

The pleadings are somewhat complicated, but to a proper understanding of the issues involved it is necessary to at least summarize same.

The pleas of Kathleen French and Charles E. French, each separate and filed by different attorneys, with unimportant exceptions to be later noted, are about identical.

Kathleen French's pleading was in the nature of an action of trespass to try title. She sought recovery from the adverse parties to her action of the title and possession of certain lands in San Patricio County, formerly part of the community estate of William French, deceased, and Sarah Ann French, deceased; she sought the recovery of full title and possession of two tracts aggregating about 108 acres; she sought recovery of an undivided 1/12th interest in and to the south 40 acres of the east 80 acres of a certain 188-acre tract, of which the two tracts she sought recovery to in full were formerly a part; recovery of an undivided 1/12th interest in a lot situated in the town of Portland in San Patricio County; further, an undi-

vided 13/168th interest in a number of other lots situated in the town of Portland.

She averred that on or about October 28, 1924, Sarah Ann French and her husband, William French, entered into a contract for a valuable consideration that they would make mutual and reciprocal wills, each devising to the other an estate for life in their community property, with the remainder in certain of such property to certain of their children in certain proportions; that as to the 108-acre tract and 40-acre tract of land described, it was specifically agreed that the survivor should have a life estate, with the remainder to their son, John T. French, in the 108-acre tract and with the remainder of the 40-acre tract to their daughter, Rosa Ann French; further, that in pursuance of said contract, on the 28th day of October, 1924, such wills were duly executed. The will of said Sarah Ann French is charged to be in possession of the adverse parties to her action.

She averred that on or about the 5th day of July, 1925, William French died, leaving his will as aforesaid, which was duly probated, and a copy of the will was attached to the pleading and made a part thereof; that John T. French died testate on or about August 31, 1937, leaving a will in which she was the sole beneficiary; that such will had been duly probated; that Rosa Ann French was the sister of John T. French and died intestate on the 30th day of December, 1930; further, John T. French, Sarah Ann French, and those made defendants in her action, were the sole surviving heirs of Rosa Ann French; no administration was had on her estate and none was necessary.

That Sarah Ann French died on or about the 5th day of April, 1939, and upon her death the life estate vesting in her under the will of William French terminated, and the remainders provided for in his will took effect in possession. An attempt on the part of Sarah Ann French to revoke her alleged mutual and reciprocal will of October 28, 1924, was alleged. An election on the part of Sarah Ann French to claim under her husband's will was averred.

There were numerous alternate allegations and prayers in her pleading which are not deemed necessary to be summarized.

The following is a copy of the will of William French attached to her pleading:

"The State of Texas, County of San Patricio.

"Know All Men By These Presents, That I, William French of the County of San Patricio, and State of Texas, being in good health, and of sound and disposing mind and memory, do make and publish this, my last will and testament, hereby revoking all wills by me at any time heretofore made.

"First. I desire and direct that my body be buried in a decent Christianlike manner, suitable to my circumstances and condition in life.

"Second. I desire and direct that my just debts be paid out of my estate without delay, by my executors to be hereinafter appointed.

"Third. It is my will and desire that all of my property, both real and personal, which I may die seized and possessed of, after the payment of all my just debts, together with all expenses incident to the probating of this will, shall pass to and remain the property of my beloved wife, Mrs. Sarah Ann French, during her life time, and at her death, to be disposed of in the following manner,

"(1) I give and bequeath to my daughter, Rosa Ann French, Forty (40) acres of land, being the South Forty acres of the East Eighty acres of a tract of 188 acres now owned by me and my wife lying north of the school house in the town of Portland, in San Patricio County, Texas.

"(2) I give and bequeath to my daughter, Violet French, Forty (40) acres of land being the North Forty acres of the East Eighty acres of a tract of 188 acres now owned by me and my wife, lying north of the school house in the town of Portland, in San Patricio County, Texas.

"(3) I give and bequeath to my son, John T. French, One Hundred Eight acres more or less being all of a certain tract of 188 acres owned by me and my wife, lying north of the school house in the town of Portland, San Patricio County, Texas, less the land included in the last two above mentioned bequests.

"(4) I give and bequeath to my son, George W. French one hundred acres of land being Lot No. 4 in Block A of the Nueces Bay Subdivision of the Coleman-Fulton Pasture Co. land in San Patricio County, Texas.

"(5) I give and bequeath to my son, Charles E. French, the land described as One Hundred acres, being the West One

Hundred Acres of the Southwest quarter of Section No. 65 of the Geo. H. Paul Subdivision of the Coleman-Fulton Pasture Co. land in San Patricio County, Texas.

"(6) I give and bequeath to my daughter, Mrs. Mary Grace Griffis, Four Thousand Dollars ($4,000.00) in cash.

"(7) I give and bequeath to my daughter, Mrs. Nellie May Sutherland, Four Thousand Dollars in cash.

"Fourth. It is my will and desire that the legacies to be paid in cash, as hereinabove mentioned, shall be paid out of any money or personal property of which I may die seized and possessed; but in the event there should be an insufficiency of such money and personal property to pay said cash legacies, in that event, such sum or such deficiency thereof, shall be paid by all other beneficiaries in this will named, such sum to be by them proportionate to the number of acres of land bequeathed to each of them.

"Fifth. I hereby constitute and appoint my three sons, John T. French, George W. French and Charles E. French, joint executors of this, my last will and testament, and direct that no bond shall be required of them as such executors.

"Sixth. It is my will that no other action shall be had in the county or probate court in the administration of my estate than to prove and record this will and to return an inventory and appraisement of my estate and a list of claims.

"In testimony whereof I have hereto set my hand this the 28th day of October, A.D. 1924.

"William French

"Signed, declared and published by William French, as his last will and testament in the presence of us, the attesting witnesses, who have hereto subscribed our names in the presence of the said William French at his special instance and request, this 28th day of October, 1924.

"Geo. N. Bradley
"C. C. Carroll."

The pleading of Charles E. French, as has been stated, is in all essential particulars the same as that of Kathleen French. He claimed different land under the will of his father, William French, and claimed to have inherited undivided interest from his deceased sister, Rosa Ann French.

George W. French, as independent executor of William French, and individually, Violet French, Nellie May Sutherland, and Mary Grace Griffis, joinder by her husband, filed answer to the pleading of Kathleen French and Charles E. French. Each consisted of general demurrer, general exception and numerous special exceptions, and plea of not guilty.

Mary Grace Griffis, joined by her husband, and Nellie May Sutherland sought affirmative relief against Charles E. French and Kathleen French. They set up their respective legacies under the wills; the provision therein that in the event there should be an insufficient amount of personal property or money on hand to pay same, same should be paid by the other beneficiaries under the will in proportion to the number of acres of land bequeathed to each; further, that on the death of William French there was no cash or personal property on hand with which to pay said legacies, and same had not been paid. A lien was claimed on the land sought to be recovered by Charles E. French and Kathleen French to secure the payment of said legacies. It was further set up that if William French and Sarah Ann French made mutual and reciprocal wills, or that Sarah Ann French was bound by the terms of the will of William French, then, they were each entitled to the legacy specified in the will of Sarah Ann French and William French, totaling $8,000 each. These legacies were sought to be proportionately charged against the land sought to be recovered by Charles E. and Kathleen French.

Kathleen French filed answer to the portion of the pleading just before summarized. This answer consisted of a general exception, numerous special exceptions, general denial, and a special pleading. The substance of the plea was that the wills of Sarah Ann French and William French were mutual, reciprocal wills, and thereunder Mary Grace Griffis was entitled to the sum of $4,000 only and the same as to Nellie May Sutherland; that under the terms and provisions of said wills the two $4,000 legacies were to be paid out of any personal property in the hands of the survivor on the death of such survivor, and if such personal property was insufficient, then the balance to be paid by the other beneficiaries under the will as provided in the will; that Sarah Ann French survived her husband, and died on or about April 5, 1939, leaving a large amount of personal property sufficient to pay said legacies in full; but in the event that such

934

proved not to be correct, Kathleen French tendered equity. She then sought a construction of the wills and averred that under a true construction a single legacy of $4,000 each was provided for Nellie May Sutherland and Mary Grace Griffis.

The foregoing attempted summary is perhaps inadequate to truly reflect the full scope of the pleadings. Same are rather lengthy, and suffice it to say the issues involved, which we shall hereafter discuss, are all in the compass of the pleadings.

The issues submitted by the court and the findings thereon by the jury are as follows:

"Special Issue No. 1: Do you find from a preponderance of the evidence that on or about October 28, 1924, Wm. French and wife, Sarah Ann French agreed, each with the other, to make testamentary disposition of their community property by each devising to the other an estate for life in all of same, with remainder in certain community property to certain of their children in designated shares or portions?

"Answer: Yes.

"Special Issue No. 2: Do you find from a preponderance of the evidence that Wm. French and Sarah Ann French, on or about October 28, 1924, each executed separate wills in accordance with said agreement?

"Answer: Yes.

"Special Issue No. 3: Do you find from a preponderance of the evidence that Wm. French died, leaving his will dated October 28, 1924, believing that his wife, Sarah Ann French, had executed and had not revoked an identical will, executed by her on October 28, 1924, except that such will of Sarah Ann French named Wm. French as beneficiary where the will of Wm. French named Sarah Ann French as beneficiary?

"Answer: He did.

"Special Issue No. 4: Do you find from a preponderance of the evidence that Sarah Ann French, from and after the probate of the will of Wm. French, deceased, accepted the benefits devised to her by said will of Wm. French, deceased?

"Answer: Yes.

"Special Issue No. 5: Do you find from a preponderance of the evidence that Sarah Ann French, from and after the probate of the will of Wm. French, deceased, exercised dominion over all of the property described in the will of Wm. French, deceased?

"Answer: Yes.

"Special Issue No. 6: Do you find from a preponderance of the evidence that Sarah Ann French did not revoke her will theretofore executed by her on October 28, 1924?

"Answer: She did not.

"Special Issue No. 8: Do you find from a preponderance of the evidence that at any time after the probate of the will of Wm. French, deceased, Sarah Ann French elected to take under said will of Wm. French, deceased?

"Answer: Yes.

"Special Issue No. 11: Do you find from a preponderance of the evidence that cross-plaintiff Kathleen French and husband, John T. French, erected their home and improvements on the 108-acre tract described in cross-plaintiff's petition in the good faith belief that said 108 acres of land was to be theirs?

"Answer: Yes.

"Special Issue No. 12: Do you find from a preponderance of the evidence that the home and improvements erected by John T. French and cross-plaintiff Kathleen French on the 108 acres of land described in cross-plaintiff's petition enhanced the value of said land?

"Answer: Yes.

"Special Issue No. 13: To what extent do you find from a preponderance of the evidence did the erection of such home and improvements enhance the value of said 108 acres of land?

"Answer: $5,500.00.

"Special Issue No. 14: What, if any, do you find from a preponderance of the evidence was and is the reasonable market value of the home and improvements built by John French and cross-plaintiff Kathleen French on the 108 acres of land: (a) In April, 1925? (b) On April 5, 1939?

"Answer: (a) April, 1925 $5500.00
(b) April 5, 1939 $5500.00

"Do you find from a preponderance of the evidence that Sarah Ann French did not revoke said will prior to the death of William French?

"Answer: She did not.

"Do you find from a preponderance of the evidence that the separate wills executed by William French and Sarah Ann French, on or about October 28, 1924, in accordance with said agreement, were identical wills, except that the will of Sarah Ann French named William French as

beneficiary where the will of William French named Sarah Ann French as beneficiary?

"Answer: Yes."

On this verdict the adverse parties respectively moved for judgment.

Judgment on the verdict was rendered on the 26th day of October, 1939. In the judgment Kathleen French was decreed to recover the 108 acres of the 188-acre tract in San Patricio County, same being described by metes and bounds; Charles E. French was decreed to recover the 100-acre tract described in his pleading. As to the undivided interest sought to be recovered by Kathleen French and Charles E. French, same were recovered by each in substantial accord with the prayers of their respective pleadings; the clouds cast by the claims of the adverse parties to the lands awarded respectively to Kathleen French and Charles E. French were in all things quieted.

As to the undivided interest dealt with by the judgment, a partition was ordered, and commissioners were appointed to consummate same.

On the plea for affirmative relief of Nellie May Sutherland and Mary Grace Griffis, joinder by her husband, it was decreed that they take nothing against Kathleen French and Charles E. French.

It was decreed that under the premises that the full rights of Nellie May Sutherland and Mary Grace Griffis were respectively limited to a single legacy each in the sum of $4,000, the said respective legacies payable out of the money and personal property which Sarah Ann French was seized and possessed of at the time of her death; in case such personal property was insufficient, then the beneficiaries should proportionately contribute in accordance with the acreage received by each under the will; that the payment by Kathleen French and Charles E. French of this proportionate part of the deficiency, if any, should fully discharge all of their obligations to Nellie May Sutherland and Mary Grace Griffis on account of their respective legacies.

The costs, save as to the partition, were adjudged against George W. French, Violet French, Nellie May Sutherland, Mary Grace Griffis and her husband, James Griffis.

First, let us consider the facts here presented—consider those matters established by the uncontroverted evidence and those issuable facts determined by the verdict and the findings of the court.

William and Sarah French were husband and wife. The property involved herein constituted their community estate. On October 28, 1924, they agreed with each other that each should make a will leaving, the one to the other, a life estate in the community property. The remainders of the community property to be partitioned among their children, as it was done by the will of William French, with legacies in the sum of $4,000 to two of the children that were not devised land. This agreement was consummated by wills executed on that day by each party to the agreement. William French died on the 5th day of July, 1925. His will was duly probated, and at the time of the probate the like will made by his wife was still unrevoked; that under said will his wife claimed to exercise possession over the entire property and enjoyed the rents and revenues thereof from the death of her husband up to the date of her death. Rosa Ann French died subsequent to her father, William French, and prior to the death of John T. French, her brother. Kathleen was the surviving wife of John T. French, was the sole beneficiary in his will which had been duly probated. Sarah Ann French died April 19, 1939, and prior to her death sought to revoke her will of October 28, 1924. The will of October 28, 1924, has not, so far as the record shows, been probated or the probate thereof sought. No other will made by her has been probated, but probably the probate of another will has been sought. At the time of her death she was possessed of a considerable sum of money.

John T. French and Kathleen French, in reliance on the terms of the will of William French and Sarah French, made valuable improvements on the land devised to John T. French by his father's will.

In the light of these facts and the terms of the will, let us endeavor to arrive at the intention expressed by the will. First, let us consider the matter without regard to the legal effect of the will. Clearly he intended that if his wife survived him she should have a life estate in the entire property. We think by the same token it was his intention that that should be the limit and extent of her right in any of the property. If she died before he did, his rights therein to be identical with hers in case he died before she did. That he in-

tended to limit her rights to a life estate is evidenced by the disposition of the entire estate by his will upon her death. He unquestionably intended that the two wills make entire disposition of the community property and the devisees and legatees have the enjoyment and possession of their gifts at the death of the survivor of the marriage. If his wife survived him, upon her death Nellie May Sutherland and Mary Grace Griffis then each became entitled to receive their respective legacies.

The purposes of William French, as evidenced by his will, are none of them unlawful. In dealing with the one-half community interest of his wife he was dealing with property not his own. His will conferred on her rights with respect to his interest in the property which she otherwise would not have had. Further, he limited his right to dispose of his community interest otherwise than the will disposed of same. He primarily charged the legacies, if he survived his wife, on the money and personal property on hand at his death; his wife's will, in case she survived him, made them a charge on the money and personal property on hand at her death. There was an exact, equivalent and identical consideration supporting the mutual contract as to the wills.

■ This contract for mutual and reciprocal wills was lawful and binding and could and should be enforced after one of the parties had died and the will of such deceased party probated. Jordan v. Abney, 97 Tex. 296, 304, 78 S.W. 486; Larrabee v. Porter, Tex.Civ.App., 166 S.W. 395; 43 A.L.R. 1020; Epperson v. White, 156 Tenn. 155, 299 S.W. 812, 57 A.L.R. 607; 60 A. L.R. 627; 102 A.L.R. 491.

The first two cases cited are taken from the case of Wagnon v. Wagnon, Tex. Civ.App., 16 S.W.2d 366, which case, together with Larrabee v. Porter, supra, has much in common with the instant case. In each case writ of error was denied by the Supreme Court. Many of the questions arising by the briefs here receive authoritative answers in these two cases.

■ However, Kathleen and Charles E. French cannot claim under the will of Sarah Ann French of October 28, 1924. This will has never been probated. Their claim must of necessity be based upon the contract of October 28, 1924, between Sarah Ann French and her husband, or upon the election of Sarah Ann French to claim under the will of her husband. These theories are not necessarily antagonistic. So, as to Nellie May Sutherland and Mary Grace Griffis as to the legacies provided for in the wills. By virtue of their mother's will they cannot claim, because this, as a will, has never been probated. In the absence of the probate of the will of their mother of October 28, 1924, they may have a claim against her estate in the amount of $4,000 each, but such claims are not claims for legacies under her will.

No personal representative of Sarah Ann French is a party to this litigation. It seems that at the inception thereof she was one of the plaintiffs, but died before the trial. The judgment entered on the 26th day of October, 1939, recites that plaintiffs voluntarily dismissed their suit. It is clear before her death and while the suit was pending the various parties had filed their affirmative pleas for relief, and even though the dismissal were effective, it did not operate to dismiss their pleas. Relief was sought by cross-action as to which, as to all intents and purposes, she was a defendant. As has been stated, no personal representative of hers is a party hereto. All of her heirs may be parties in some capacity to this suit. However, neither by allegation nor proof does this appear.

If Mary Grace Griffis and Nellie May Sutherland have a claim against her estate, either by the contract to make mutual wills or by their mother's election to take under her husband's will, some sort of an administration would seem to be necessary. Sarah Ann French left some seven or eight thousand dollars on deposit in banks at the time of her death.

Unless the contract of Sarah Ann French of October 28, 1924, and the probate of her husband's will in pursuance of that contract, or her election to take under his will, divested her of all but a life estate in the lands, she died seized of an estate in fee simple in one-half thereof. Upon the death of Sarah Ann French, Charles E. French and Kathleen French asserted the right of the exclusive possession of part of the lands herein involved. Who might authoritatively question that right? Manifestly, the legal representatives of Sarah Ann French might do so; the heirs of Sarah Ann French might do so, if there was no administration and no necessity therefor. Suppose this

judgment be affirmed, would it be binding on her legal representatives? As such they have never had their day in court.

■ The heirs cannot recover property unless there be a showing made that no administration is pending on the estate of the intestate and no necessity therefor. We think that suit cannot be maintained against an heir for the recovery of real estate without a showing that there is no administration and no necessity therefor.

Article 1982, Revised Statutes, provides: "In every suit against the estate of a decedent involving the title to real estate, the executor or administrator, if any, and the heirs shall be made parties." See, also, East v. Dugan, 79 Tex. 329, 15 S.W. 273; Bluitt et al. v. Pearson, 117 Tex. 467, 7 S.W.2d 524; Jones v. Gibbs, 133 Tex. 645, 130 S.W.2d 274; Stanley v. Stanley, Tex. Civ.App., 139 S.W.2d 876.

■ In other words, Kathleen and Charles E. French cannot recover on their cross-action without a showing that there is no administration on the estate of Sarah Ann French and no necessity therefor. If claim the other parties have, it is as heirs or devisees of Sarah Ann French. Her legal representatives should be parties hereto, or a valid legal reason given for their nonjoinder.

Too much has probably been said in the discussion of this case on its merits. What has been said as to the merits is not binding on the subsequent trial. It was merely offered by way of suggestion.

The case is reversed and remanded on account of the nonjoinder of necessary parties.

### On Rehearing.

We have in this case carefully reviewed our disposition thereof in the light of the motions for rehearing filed by appellants and appellees, and believe that the case has been correctly disposed of.

At the time of the dismissal of the original suit Mrs. Sarah Ann French was dead. This is perhaps unimportant. The parties so considered it, and we so consider it.

However, in the last analysis, Charles French and Kathleen French seek to specifically enforce the contract between Mr. and Mrs. William French to make mutual and reciprocal wills. William French's will has been probated; that of his wife has not. The jury found Mrs. French made such a will and never revoked

same. This finding, however, does not give the will of Mrs. William French, that is, the will she made at the time William French made his will, any effect in law. The finding is not binding on the Probate Court. The judgment, among other things, specifically enforced the alleged contract between William French and his wife. No representative of her estate was before the court other than, perhaps, some of her heirs.

Both motions for rehearing are overruled.