**ALLEN v. MATTHEWS et al.**
**No. 9709.**

Court of Civil Appeals of Texas. Austin.
March 31, 1948.

Rehearing Denied April 21, 1948.

Victor Gleckler, of Austin, for appellant.

George Cannon and Pat Legan, both of San Antonio, for appellees.

GRAY, Justice.

On August 17, 1933, Henry T. Matthews, by general warranty deed, conveyed to Walter Allen 639.35 acres of land in Hays and Travis Counties for a recited consideration of $10 and other good and valuable consideration in hand paid; and the assumption by Walter Allen of the payment of 15 vendor's lien notes against the said land. On the same date Walter Allen and wife, Helen Allen, by general warranty deed, conveyed to Henry T. Matthews 158 acres of land in Travis County, for a recited consideration of $10 and "other valuable considerations, for which no lien is retained expressed or implied, to us in hand paid by the grantee hereinafter named."

Henry T. Matthews died in San Antonio, Texas, March 30, 1935, leaving a will whereby he devised all his property to his three children: Mary Lee Matthews, Virginia Yancey Matthews, and Henry Thomas Matthews, and named his wife, Ida Mae Matthews, independent executrix. This will was probated in the probate court of Bexar County, and Mrs. Matthews qualified as independent executrix. Later, Mrs. Matthews resigned as such executrix, and the probate court appointed L. B. Ewing, administrator de bonis non with will annexed. Ewing qualified September 28, 1937, and served as such administrator until March 8, 1945, at which time his final account was approved and he and his bondsmen discharged.

On January 17, 1940, Walter Allen filed his petition in the 98th District Court of

Travis County, in cause No. 62787, against "L. B. Ewing, Administrator de bonis non with will annexed of the estate of Henry T. Matthews, deceased." For cause of action Allen alleged Henry T. Matthews by his deed of August 17, 1933, agreed to warrant and defend the premises to plaintiff and to bear the expense of clearing the title to the land described in said deed, and to reimburse plaintiff for expenses incurred in clearing the title thereto; that he was forced to pay out more than $600 in defending the title, and because of the failure of the "defendant" to reimburse him he was forced to give up the premises and was deprived of the possession thereof by foreclosure of liens against the same. He further alleged that in 1935, in consideration of the time and expense that plaintiff, Allen, was forced to spend in the defense of the title to said land, Henry T. Matthews agreed to deed the 158-acre tract of land back to him; put plaintiff, Allen, in possession of said 158-acre tract, and agreed to immediately execute a deed conveying the same to him; that after plaintiff had taken possession of the land, but before any deed was executed, Henry T. Matthews died; and further alleged failure of consideration for the deed from Allen to Matthews to the 158-acre tract.

After service of citation on him, defendant, L. B. Ewing, administrator de bonis non, on November 21, 1940, filed his plea of privilege to be sued in Bexar County, and subject to said plea, filed his answer to the merits; plaintiff controverted the plea of privilege and a notation was made thereon setting same down for hearing January 4, 1941; an amended controverting affidavit was filed, and hearing on the plea of privilege and controverting affidavit set for February 15, 1941. The record shows no further proceeding on the plea of privilege and controverting affidavit.

On May 24, 1946, the court rendered judgment for plaintiff, Walter Allen, cancelling the deed of August 17, 1933, to the 158-acre tract of land; judgment against Henry T. Matthews; against the estate of Henry T. Matthews, deceased, and against the "administrator de bonis non with the will annexed of the estate of Henry T. Matthews, deceased," for the title and possession of said land. On the following day, May 25, the term of court, at which said judgment was rendered, expired.

On June 19, 1946, Henry T. Matthews, Jr., filed his petition in the 98th District Court of Travis County, against Walter Allen and wife, Helen Allen, seeking to set aside the judgment of May 24, 1946, rendered in cause No. 62787. He alleged he was one of the three children of Henry T. Matthews, deceased; was a devisee under his will, and owned an undivided 1/6 interest in the 158-acre tract of land, the subject matter of the suit in cause No. 62787; he alleged the judgment in said cause was obtained by fraud, accident or mistake, and that he had a meritorious defense. In addition to the facts hereinabove set out, plaintiff alleged the purpose of cause No. 62787 was to adjudicate title to the 158-acre tract of land, and the judgment in said cause is void because contrary to Art. 1982; specially denied the allegations of plaintiff, Allen's petition in said cause No. 62787; alleged he did not learn of the judgment in that cause until June 4, 1946; that said judgment casts a cloud on his title and affects his property rights; and alleged damages. He prayed he be granted a bill of review, that the judgment in cause No. 62787 be set aside, that judgment be entered that Walter Allen take nothing.

The surviving widow and two daughters of Henry T. Matthews, deceased, intervened, alleged their respective interest in the tract of land, and adopted the pleadings of Henry T. Matthews, Jr.

The defendant, Walter Allen, answered by general and special denials, pleaded the 3, 5, and 10-year statutes of limitation, Vernon's Ann.Civ.St. Arts. 5507, 5509, 5510; pleaded an oral transfer of the 158 acres of land by Henry T. Matthews; that he went into possession of the land under the oral agreement made in 1935, and has placed valuable improvements thereon, and prayed that plaintiff and intervenors take nothing. The defendant, Helen Allen, was not served with citation, and as to her plaintiff and intervenors dismissed their cause of action.

The court granted the bill of review. Plaintiff and intervenors filed their petition in trespass to try title; defendant, Walter Allen, answered, and the cause proceeded to trial to a jury. Upon receipt of the jury's verdict and upon motion of plaintiff and intervenors, the court entered judgment setting aside the judgment in cause No. 62787; further decreed that plaintiff and intervenors recover title and possession of the 158 acres of land; that Walter Allen take nothing by his suit in cause No. 62787, and awarded relief to the respective parties not complained of here.

■ From an order overruling his motion for new trial, Walter Allen has appealed, and by his points 1, 2, 3 and 4 complains of the action of the court in setting aside the judgment in cause No. 62787.

Art. 1982, R.C.S.1925, provides: "In every suit against the estate of a decedent involving the title to real estate, the executor or administrator, if any, and the heirs shall be made parties defendant."

The provisions of this Article are mandatory. Jones v. Gibbs et al., Com.App., 133 Tex. 645, 130 S.W.2d 274.

■ This suit was against Ewing in his capacity as the legal representative of an estate, and as disclosed by the judgment and the pleadings in cause No. 62787 none of the heirs of Henry T. Matthews, deceased, were parties; the suit involved title to the 158 acres of land therein described, and as to the heirs that judgment did not divest them of title, neither did it vest title in the plaintiff, Allen, and the same is void. East et al. v. Dugan, Com.App., 79 Tex. 329, 15 S.W. 273. The judgment was not binding on the heirs, but it did cast a cloud on their title. Appellant's points 1, 2, 3 and 4 are overruled.

■ By his 5th point appellant complains of the trial court's refusal to grant his motion for judgment non obstante veredicto. The evidence as reflected by the record comes from interested and disinterested witnesses whose testimony presented issues of fact to be determined by the jury; for this reason a directed verdict would not have been proper. Mary-

land Casualty Co. v. Morua, Tex.Civ.App., 180 S.W.2d 194, error refused. For this reason appellant's motion for judgment non obstante veredicto could not be granted in this cause. Rule 301, Texas Rules of Civil Procedure.

■ By his 6th point appellant complains of the dismissal of the defendant Helen Allen. If she is a necessary party to this cause it is for the reason her individual homestead right could present a defense to appellee's cause of action. This right could not have accrued under the judgment in cause No. 62787, for the reasons already stated, but must have accrued, if at all, by reason of the claims asserted by appellant, Walter Allen: (1) that Henry T. Matthews, Sr., agreed to convey the 158 acres of land back to him, put him in possession of said land and his improvements made on the land in good faith, or (2) appellant's peaceable, adverse and continuous possession of the land for 10 years. These issues were submitted to the jury and answered adversely to appellant. If Henry T. Matthews, Sr., did not make the agreement with Walter Allen, as alleged, no rights accrued thereby. If Walter Allen's possession was not adverse, then Mrs. Allen's was not. Pearson et al. v. Doherty, 143 Tex. 64, 183 S.W.2d 453.

In Cooley v. Miller, 228 S.W. 1085, 1086, Judge McClendon, for the Commission of Appeals, said:

"It is not necessary to cite authority upon the now elementary proposition that the wife is not a necessary party to an action against the husband to try the title to, affect an interest in, or foreclose a lien upon community real estate. In determining whether the wife's homestead interest alone renders her a necessary party to an action affecting property impressed with the homestead exemption, the test laid down by our Supreme Court is whether the plea of homestead would in itself be a defense to the suit." Citation of authorities follows.

Under the record here the plea of homestead by Helen Allen would not be a defense to appellee's cause of action, since such plea must arise through Walter

Allen, whose allegations the jury did not accept. She was therefore not a necessary party. Point 6 is overruled.

By point 7 appellant complains the trial court erred in the submission of special issue No. 2. Our examination of the record discloses this point is not brought forward for review. Rule 272, T. R.C.P., provides: The charge "shall be prepared after the evidence has been concluded and shall be submitted to the respective parties or their attorneys for inspection, and a reasonable time given them in which to examine and present objections thereto, which objections shall in every instance be presented to the court in writing before the charge is read to the jury, and all objections not so made and presented shall be considered as waived, etc."

Neither is there any suggestion the objections were dictated to the court reporter as is provided in said rule. Not having complied with the requirements of this rule, this alleged error is not presented. AAA Air Conditioning Mfg. Corporation of Texas v. Barr, Tex.Civ.App., 186 S.W.2d 825, error refused.

The judgment of the trial court is affirmed.

Affirmed.