Shelton FONDREN, Appellant,

v.

Courtney LAWSON, Appellee.

No. 7247.

Court of Civil Appeals of Texas, Beaumont.

Aug. 26, 1971.

James E. Faulkner, Coldsprings, for appellant.

Robert F. Atkins, Coldsprings, for appellee.

STEPHENSON, Justice.

Jeffery Roberts, as guardian of the estate of Courtney Lawson, a person of unsound mind, brought this suit for partition of the surface only of 50.2 acres of land in San Jacinto County. Shelton Fondren answered and, by cross action in trespass to try title, sought to recover title to all of such land. Courtney Lawson died after this suit was filed, and Jeffery Roberts, as temporary administrator of the estate of Courtney Lawson, deceased, filed an amended petition seeking the same relief. Trial was by jury, and judgment was entered upon the verdict that the land be divided equally between Shelton Fondren and the estate of Courtney Lawson, deceased.

The evidence in this case shows the following: Jeff Cochran is the common source of title, and conveyed the tract of land involved in this suit to Clabe Lawson by deed dated December 21, 1905. Clabe Lawson and his wife, Sally Lawson, both died intestate and left two children, Chester Lawson and Courtney Lawson. Chester Lawson conveyed a one-half interest in this land to Georgia Moreau by deed dated December 22, 1950. Georgia Moran conveyed this tract of land to her daughter, Ella Lee Eldridge, by deed dated May 18, 1965, and they both then conveyed this land to Shelton Fondren by deed dated March 20, 1967.

Fondren's first series of points of error relate to the failure to have certain necessary and indispensable parties before the court. It is contended Georgia Moreau (one of his grantors) should have been a party to this suit because she gave Fondren an affidavit of heirship showing herself to be the sole heir and owner in fee simple to the land in question.

■ Fondren does not mention this contention in his argument and it is not explained how Georgia Moreau had an interest in the subject matter of this suit after her conveyance to Fondren. She was not a necessary party as defined in Texas Rules of Civil Procedure, rule 39, and the point of error, not having been briefed, is waived. Watson v. Godwin, 425 S.W.2d 424 (Tex.Civ.App., Amarillo, 1968, error ref. n. r. e.), Jones v. Hydro Corporation, 420 S.W.2d 210 (Tex.Civ.App., Amarillo, 1967, no writ).

■ The second prong of this series of points is that Robert F. Atkins was a necessary party because the evidence showed the estate gave him a one-third interest in this land for representing the estate in this law suit. The instrument in question, which was approved by the probate court, is a part of our record. We construe that instrument to be a power of attorney which did not operate as a conveyance. Patten v. Rodgers, 430 S.W.2d 479 (Tex.Sup.1968). Robert F. Atkins was not a necessary party to this suit. Wickizer v. Williams, 173 S.W. 288 (on rehearing, 173 S.W. 1162, Tex. Civ.App., Austin, 1914, error ref.) The point is overruled.

■ The third prong of this series of points is that the heirs of Courtney Lawson were necessary parties to this suit. As stated above, Courtney Lawson died during the pendency of this suit, and the temporary administrator of his estate filed an amended original petition, upon which this case was tried. Certified copies of the probate proceedings show that Jeffery Roberts was appointed temporary administrator of such estate with the following power:

"[T.]o enter into a suit now pending in the District Court of San Jacinto County, Texas, being Cause No. 5509, entitled 'Courtney Lawson vs. Shelton Fondren', * * *"

Fondren filed a plea in abatement to the amended original petition and alleged that Georgia Lawson Moreau was the only heir to Courtney Lawson, and that she should be made a party to this suit.

Rule 151 reads in part as follows:

"If the plaintiff dies, the heirs, or the administrator or executor of such decedent may appear and upon suggestion of such death being entered of record in open court, may be made plaintiff, and the suit shall proceed in his or their name."

If there had been no cross action filed, under such rule the temporary administrator could have proceeded to trial alone. However, Fondren had filed a cross action in trespass to try title to recover all of the land. Under all of the decisions, when that affirmative relief was sought, the provision of Article 1982, Vernon's Ann.Civ.St. must be complied with. That article reads as follows:

"In every suit against the estate of a decedent involving the title to real estate, the executor or administrator, if any, and the heirs shall be made parties defendant."

In East v. Dugan, 79 Tex. 329, 15 S.W. 273, 275 (1891), the court discusses specifically the two statutes which are shown above to be a rule and a statute, but which are written in the same language, and then says:

"When affirmative relief is asked by a defendant in a suit for land brought by an administrator, the defendant becomes a plaintiff to the extent of such relief, in

which case the heirs of the estate suing must be made parties."

See also Wiseman v. Cottingham, 141 S.W. 817 (Tex.Civ.App., San Antonio, 1911, affirmed, 107 Tex. 68, 174 S.W. 281 (1915) ); Allen v. Matthews, 210 S.W.2d 849 (Tex.Civ.App., Austin, 1948, error ref. n. r. e.); Lowman v. Falsetti (5th Cir., 1964), 335 F.2d 632, 638; and Jones v. Gibbs, 133 Tex. 627, 130 S.W.2d 265 (1939). Affirmative relief having been sought by Fondren against the estate, the provisions of Article 1982, V.A.C.S., were mandatory, and the heirs of Courtney Lawson were necessary parties.

Fondren's "no evidence" points are overruled, the favorable evidence in the record supporting the jury findings. We find no merit to the remaining points of error, and they are overruled.

Reversed and remanded.