**Louie A. FALSETTI, Successor Administrator with Will Annexed to the Estate of B. F. Guido, Deceased, et al., Plaintiffs,**

v.

**INDIANA OIL PURCHASING CO., Pan American Petroleum Co., Stella Marie Lowman and her husband, Lawrence Gilbert Lowman and John (Johnnie) Frank, Trustee, et al.**

**Civ. A. No. 8827.**

United States District Court
N. D. Texas,
Dallas Division.
March 21, 1963.

Cecil Woodgate, Dallas, Tex., for plaintiff-administrator.

Willard B. Wagner, Jr., Houston, Tex., for Stella Marie Lowman and others.

D. E. Suhr, Houston, Tex., for Mrs. Alice Frank, a widow, and others.

HUGHES, District Judge.

This suit was instituted by Louie A. Falsetti, as successor administrator with will annexed of the Estate of B. F. Guido, deceased, against the Indiana Oil Purchasing Company, Pan American Petroleum Company, Stella Marie Lowman and her husband, Lawrence Gilbert Lowman, and John (Johnnie) Frank, Trustee, to recover for the Estate of B. F. Guido, deceased, certain oil royalty pay-

ments in excess of $10,000.00 held in suspense by the Defendant oil companies.

Doris C. M. Falsetti, formerly Doris C. M. Guido, joined by her husband, Louie A. Falsetti, in his individual capacity rather than his representative capacity, intervened seeking judgment that the funds on deposit be paid to the Plaintiff-Administrator.

Plaintiff-Administrator in his complaint alleges that the Defendants, Stella Marie Lowman and her husband Lawrence. Gilbert Lowman and John (Johnnie) Frank, Trustee, were claiming the funds in possession of the Defendant oil companies by virtue of a judgment of the District Court of Brazoria County, Texas, purporting to impose a constructive trust against the Estate of B. F. Guido, deceased, upon all assets of the estate.

Defendants, Stella Marie Lowman and her husband, Lawrence Gilbert Lowman, and John (Johnnie) Frank, Trustee, filed a counter-claim seeking the funds held in suspense based upon the aforesaid judgment of the District Court of Brazoria County, Texas, rendered September 18, 1960, in their favor, purporting to decree an agreement on the part of B. F. Guido, deceased, to execute a mutual will with his former wife, Dora Frank Guido, and to enforce the constructive trust under such mutual will upon all the assets of the Estate of B. F. Guido, deceased.

Plaintiff-Administrator alleges that this judgment was a nullity because the administrator of the Estate of B. F. Guido, deceased, was not a party to the judgment and that there was no agreement to execute mutual wills.

Plaintiff and Intervenors are citizens of the State of California. The individual Defendants are citizens of Texas. Defendants, Pan American Petroleum Company and Indiana Oil Purchasing Company, incorporated under the laws of Delaware and Nevada respectively, are licensed to do business in Texas and are doing business in the Northern District of Texas.

The oil companies upon proper plea and order of court paid all funds into the registry of the Court. Their answer admitted that the funds involved were derived from royalty interests in the lands belonging to the Estate of B. F. Guido, deceased. Interpleader was properly invoked under 28 U.S.C. §§ 1335, 1397 and 2361.

The essential facts are as follows: Plaintiff-Administrator, Louie A. Falsetti, was appointed and duly qualified as successor ancillary administrator with will annexed of the Estate of B. F. Guido, deceased, in the Probate Court of Brazoria County, Texas, and was duly authorized and empowered to institute this suit by said court.

Plaintiff-Intervenor, Doris C. M. Falsetti, is the former Doris C. M. Guido, surviving widow of B. F. Guido, deceased, and presently the wife of Louie Falsetti.

Dora Frank Guido, mother of the defendant, Stella Marie Lowman, and B. F. Guido were legally married on July 31, 1929, and remained husband and wife until the death of Dora Frank Guido in 1949.

On or about May 31, 1934, Dora Frank Guido and her husband, B. F. Guido, executed an oil, gas, and mineral lease to Gillette Hill covering the Brazoria County property involved in this law suit and alleged to be assets of the Estate of B. F. Guido, deceased. The lease is now owned and held by the Defendant, Pan American Petroleum Corporation under and by virtue of mesne assignments.

On December 3, 1942, Dora Frank Guido executed her last will and testament, leaving all her property, both real and personal, to her husband B. F. Guido. This will provided, inter alia, "This will is made in consideration of the making on this same day by my husband, B. F. Guido, of a will with the same terms and provisions, and it is our intention to create a trust estate as herein provided for the benefit of Mrs. Stella Marie Lowman and her husband, after her death, and for the distribution of the trust estate after termination of the trust in the manner and terms herein set forth."

On or about September 16, 1949, Dora Frank Guido died in Houston, Harris County, Texas, survived by her husband, B. F. Guido, and her daughter, the Defendant, Stella Marie Lowman. On or about October 27, 1949, the surviving husband, B. F. Guido, caused the will of Dora Frank Guido to be probated in the Probate Court of Harris County, Texas, and on or about January 11, 1950, an order was entered admitting said will to probate, appointing B. F. Guido as independent executor of said estate without bond. B. F. Guido duly qualified as the law required.

On or about April 21, 1951, B. F. Guido married Doris C. M. Guido (now Falsetti) Plaintiff-Intervenor. On or about July 3, 1951, B. F. Guido executed his last will and testament leaving 49% of his property to his wife, Plaintiff-Intervenor, Doris C. M. Guido, 49% to the Defendant, Stella Marie Lowman, and 1% to each of two Roman Catholic Parish Churches.

B. F. Guido died in Los Angeles County, California, on or about June 14, 1957. At the time of his death he was a resident of Orange County, California. The will of B. F. Guido, deceased, was admitted to probate in the Superior Court of Orange County, California, and Plaintiff-Intervenor, Doris C. M. Guido Falsetti, was appointed administratrix with will annexed. On January 14, 1959, she was appointed ancillary administratrix with will annexed in the County Court of Brazoria County, Texas, and qualified as the law required.

The judgment in question in this case was the result of a suit instituted in the District Court of Brazoria County, Texas, by Stella Marie Lowman and her husband, Lawrence Gilbert Lowman, against Doris C. M. Guido, individually and as Administratrix with will annexed of the Estate of B. F. Guido, deceased, and others seeking to establish an alleged agreement on the part of B. F. Guido, deceased, to execute a mutual will and to impose a trust upon all assets of the Estate of B. F. Guido, deceased, in favor of Stella Marie Lowman and her husband, Lawrence Gilbert Lowman, in accordance with the provisions of the alleged agreement and under the terms of the alleged mutual will. On September 16, 1960, the District Court of Brazoria County, Texas, entered judgment purporting to enforce the alleged contractual will and to impose a constructive trust upon all property of the estate, which included the land leased by the two oil company defendants.

Originally the Administrator of the Estate of B. F. Guido was a party, but prior to judgment, on motion of Plaintiff Lowman the case was dismissed as to Doris C. M. Guido, in her capacity as administratrix of the Estate of B. F. Guido, deceased, in the Superior Court of Orange County, California, and also in her capacity as Administratrix of the Estate of B. F. Guido, deceased, in the County Court of Brazoria County, Texas.

Neither the judgment nor the pleadings in the Brazoria County District Court case contain any allegation or statement that no administration was pending on the estate of B. F. Guido, deceased, or that administration was not necessary. In fact the judgment shows on its face that administration on the Estate of B. F. Guido, deceased, was still pending in the Superior Court of Orange County, California, and ancillary administration was still pending in the County Court of Brazoria County, Texas.

With respect to the issue as to whether there was a mutual will executed by B. F. Guido, no document purporting to be a will was introduced in this case nor was there any evidence that such a will was ever in existence. There was no evidence of an agreement to make a mutual will other than the aforesaid language contained in the will of Dora Frank Guido.

This Court has jurisdiction over the subject matter and the parties by reason of diversity of citizenship and the amount involved being in excess of $10,000.00.

It is the contention of the Defendants Lowman that Plaintiff Falsetti has no power to sue in the federal court

# 424

as a foreign administrator. He is, however, a citizen of California and his appointment as administrator in California and in Texas does not rob him of his citizenship. In McWilliams v. Dawson, et al., 48 F.Supp. 538, Northern District of Texas, the Court said that an administratrix who was a resident of Oklahoma although appointed by the Probate Court in Texas, is not robbed of her citizenship by reason of such. She is still a resident of Oklahoma and is entitled to sue in this court. "Residence rather than [her] appointment is the determining factor in diversity."

In Mecom v. Fitzsimmons Drilling Company, 284 U.S. 183, 52 S.Ct. 84, 76 L.Ed. 233, 77 A.L.R. 904, the United States Court said:

"It is settled that the federal courts have jurisdiction of suits by and against executors and administrators if their citizenship be diverse from that of the opposing party, although their testators or intestates might not have been entitled to sue or been liable to suit in those courts for want of diversity of citizenship."

■ Defendants Lowman also contend in their motion to dismiss that this is a suit for settlement and distribution of a deceased's estate and a matter of state probate jurisdiction rather than federal jurisdiction. Plaintiff-Administrator's complaint, however, to recover funds in the hands of the oil companies as well as Defendants' cross-action to have a contractual will established are civil actions and not an ex parte probate matter.

In the case of Ellis v. Davis, 109 U.S. 485, 3 S.Ct. 327, 27 L.Ed. 1006, the Supreme Court of the United States said:

"Jurisdiction as to wills, and their probate as such, is neither included in nor excepted out of the grant of judicial power to the courts of the United States. So far as it is ex parte and merely administrative, it is not conferred, and it cannot be exercised by them at all until, in a case at law or in equity, its exercise becomes necessary to settle a controversy of which a court of the United States may take cognizance by reason of the citizenship of the parties."

This being a controversy between citizens of different states, involving more than $10,000.00 this Court has jurisdiction. The judgment, which the Lowmans seek to uphold in this court, was rendered by a district court of the State of Texas and not by a probate court.

■ As a third ground for dismissal Defendants contend this case is a proceeding to set aside a State Court judgment and the remedy is by bill of review in the state district court or appeal to the state appellate court. Plaintiffs, however, contend the judgment is void and where there is diversity of citizenship and the amount involved is more than $10,000.00 federal courts have full power over suits attacking void state court judgments. In O'Boyle v. Bevil, 259 F.2d 506, 512, the Fifth Circuit said:

"When, as is true in Texas, a judgment can be set aside for want of jurisdiction or for fraud, the federal court, exercising its equity jurisdiction, can act similarly in a diversity case."

Professor Moore has aptly characterized the power of a court to entertain a collateral attack upon a void judgment as follows:

"A void judgment, state or federal, may be collaterally attacked, i. e. its nullity and ineffectiveness asserted at any time, in any proceeding where the validity of the judgment comes in issue and is appropriately challenged. * * *

The principle underlying collateral attack is that since the judgment is void, the attacking party need show no 'equities' or 'merits' in this favor, these are irrelevant, for if the court now adjudges the judgment to be void, it is merely recognizing and declaring that which already exist-

ed." 7 Moore's Federal Practice Sec. 60.41 [1] (2nd ed. 1955)

The preceding three questions with respect to jurisdiction were raised by the defendants in a motion to dismiss. The contentions being without merit the motion was denied.

The two principal questions on the merits are (1) is the state judgment void and (2) did B. F. Guido make an agreement to execute a mutual will and in fact execute such a will?

■ With respect to the first question, it is Plaintiff's contention that the state judgment is void and the money from the leases on the land belonging to the Estate of B. F. Guido, deceased, should be paid to the executor, Louie A. Falsetti. It is Defendants' contention that the state judgment is valid, and since said judgment established an agreement between Dora Frank Guido and B. F. Guido for mutual wills and vested title to land and other property belonging to the Estate of B. F. Guido, deceased, in beneficiaries according to said mutual will, the money from the leases in question should be paid to the beneficiaries of the mutual will established by the state judgment.

It affirmatively appears that the suit instituted in the District Court of Brazoria County, Texas, involved title to real estate in which the Estate of B. F. Guido claimed an interest. The administrator of such estate was not a party to said judgment although administration was pending not only in the State of California but also ancillary proceedings were pending in the County Court of Brazoria County, Texas.

■ Without the administrator a valid judgment could not be rendered. Art. 1982, Vernon's Civil Statutes of Texas, provides:

"In every suit against the estate of a decedent involving the title to real estate, the executor or administrator, if any, and the heirs shall be made parties."

The requirement of the statute is mandatory. Jones v. Gibbs, 133 Tex. 645, 130 S.W.2d 274, Allen v. Matthews, 210 S.W.2d 849 (Tex.Civ.App., 1948) error ref. n. r. e., East v. Dugan, 79 Tex. 329, 15 S.W. 273.

The case of French v. French, 148 S.W.2d 930 (Tex.Civ.App., 1941) error dismissed, judgment correct, was a suit involving title to real estate of a decedent in which no representative of the estate was a party. The defect in the parties was held fatal, the Court saying at pages 936 and 937:

"Upon the death of Sarah Ann French, Charles E. French and Kathleen French asserted the right of the exclusive possession of part of the lands herein involved. Who might authoritatively question that right? Manifestly, the legal representatives of Sarah Ann French might do so; the heirs of Sarah Ann French might do so, if there was no administration and no necessity therefor. Suppose this judgment be affirmed, would it be binding on her legal representatives? As such they never had their day in court.

"The heirs cannot recover property unless there be a showing made that no administration is pending on the estate of the intestate and no necessity therefor. We think that suit cannot be maintained against an heir for the recovery of real estate without a showing that there is no administration and no necessity therefor."

In the case of Bluitt v. Pearson, 117 Tex. 467, 7 S.W.2d 524, by the Commission of Appeals, it was held that in a suit by certain heirs of one deceased against other heirs involving right to property Plaintiff's petition must allege that there was no administration of decedent's estate and no necessity for one.

In Bennett v. Bennett, 9 S.W.2d 758 (Tex.Civ.App., 1928) suit was instituted to recover an interest in real estate. The Court said:

"In the amended pleadings on which they went to trial, appellants

alleged that 'F. M. Bennett had died, leaving a will, and that his wife, Orlena Bennett, had been appointed independent executrix of said estate. They alleged that the F. M. Bennett estate and Orlena Bennett as independent executrix were made parties defendant. The record shows, however, that there was no service upon either the F. M. Bennett estate or Mrs. Bennett as independent executrix, and the judgment does not in any way dispose of said parties. This is such fundamental error apparent of record as will necessitate a reversal of the case. Under the Revised Statutes of Texas as well as the unbroken line of authorities, it is essential in a partition suit, or in a suit against the estate of a decedent involving the title to real estate, for the executor or administrator, if there is one, to be made a party. Article 1982, Revised Statutes * * *.''

The net result of the state court case was to impose a constructive trust in favor of a step-daughter to the exclusion of the surviving widow upon the entire assets of the Estate of B. F. Guido, deceased, contrary to the express provisions of decedent's last will when no representative of the pending estate was before the court. Such a judgment does not bind the estate and is void.

■ Since the judgment is void for want of an indispensable party it can be collaterally attacked. It is basic that a void judgment has no effect whatsoever and can be attacked in any court in any proceeding. In Switzer et ux. v. Smith, Tex.Com.App., 300 S.W. 31, 68 A.L.R. 377 the Commission of Appeals had this to say,

"[I]f the judgment was void, rather than voidable, its validity could be questioned in any court in any proceeding whenever a right was asserted under it."

■ The judgment of the state court being void it becomes necessary to consider the question of whether B. F. Guido, deceased, agreed to execute a mutual will. Defendants would have this court decree that B. F. Guido entered into an agreement to execute such a will without any evidence except the ex parte statement contained in the will of Dora Frank Guido, heretofore set out in the statement of facts. Defendants offered no other evidence which would in any way establish a so-called contractual will or an agreement to execute such.

In the case of Pullen v. Russ, 226 S.W. 2d 876 (Tex.Civ.App.) error ref. n. r. e. husband and wife executed wills on the same day containing identical provisions. It was contended that these provisions were sufficient, by themselves, to show that they were executed pursuant to a contract. The Court overruled the contention holding:

"The recital that the other spouse was executing a similar will did not make the wills contractual because it was no more than the statement of a fact which, under the decided cases, was not enough to make the wills contractual."

In the case of Wagnon v. Wagnon, 16 S.W.2d 366 (Tex.Civ.App.) writ ref., the court in holding identical wills executed on the same day not mutual said,

"The general rule, however, appears to be that such wills, in the absence of recital that same are made pursuant to a contract, are not in themselves sufficient evidence of an enforceable contract between the testators to make same enforceable in equity."

■ In the cited cases both wills were in existence, whereas in the present case there is merely a recital in the will of Dora Frank Guido. It is clear that the mere making of a joint or mutual will does not of itself prove that it was made pursuant to a contract. The agreement must be proved in order to bind the survivor.

In Nye v. Bradford, 144 Tex. 618, 193 S.W.2d 165 at pages 167 and 168, 169

A.L.R. 1, the Supreme Court of Texas said:

> "One who relies upon a will as a contract has the burden of proving that the will is contractual as well as testamentary in character * * It is held that the mere making of a joint will does not of itself prove that it was made pursuant to contract."

In the case at bar there is a complete lack of evidence of any agreement on the part of B. F. Guido to execute a mutual will, the recitation in the will of Dora Frank Guido being ex parte and not binding on her husband.

It is the contention of the Defendants Lowman that the will by which B. F. Guido acquired the property imposed upon him the duty to create a trust for Mrs. Lowman. But this contention is answered by the fact that Dora Frank Guido gave her husband an absolute fee simple estate in her property. He therefore had the right to dispose of it as he saw fit. The pertinent provision of her will with respect to such disposition is as follows:

> "2. It is my desire, and I so direct, that all of my property, both real and personal, of which I may die seized and possessed, whether the same be my separate property or a part of the community estate of my beloved husband, and myself, after the payment of my just debts, together with all of the expenses incident to probating this will, shall pass to and vest in fee simple in my beloved husband B. F. Guido, and after payment of all my just debts, I give, bequeath and demise to my beloved husband, B. F. Guido, all the rest, residue and remainder of my property, real, personal or mixed, wherever the same may be situated, I may now own or be interested in at the time of my death, in fee simple, to manage, sell or dispose of as he may wish or see proper."

The will did not purport to dispose of the property of B. F. Guido. According to the following cases under such circumstances, B. F. Guido made no election by accepting the property under the will nor does any estoppel arise by reason of his acceptance.

In the case of Graser v. Graser, 147 Tex. 404, 215 S.W.2d 867, 870 the Supreme Court of Texas held that a fundamental prerequisite for the application of the rule that an owner may by express or implied election to take under the will cause his property to be treated as if it had passed by the will,

> "is that the will shall purport to dispose of the property which the testator does not own. If it does not do so, there is plainly no basis for an election, and a beneficiary under the will may accordingly take whatever the will affords without any equities arising against his own property. It is also prerequisite that as to the testator's intent to dispose of property he does not own, the will shall 'be open to no other construction', because 'The law presumes that no man will attempt a testamentary disposition of the property of others.'"

In the case of Wright v. Wright, 154 Tex. 138, 274 S.W.2d 670 the Supreme Court said:

> "In determining whether the will disposes of property of the beneficiary, the rule is, of course, that it does not so dispose unless it is 'open to no other construction.'"

It follows therefore that since the state court judgment was void and there was no evidence of a contractual will and no estoppel, the money received from the leases held by the Defendant oil companies belongs to the Estate of B. F. Guido, deceased, and the claim of Plaintiff-Administrator to such monies should be sustained and the counterclaim of the Defendants Lowman seeking to assert an alleged contractual will of B. F. Guido, deceased, should be denied.